PETER R. KOSINSKI v. EUGENE LAWLOR ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

---

Argued February 13—decision released May 1, 1979

*Barry C. Pinkus,* assistant town attorney, for the appellants (defendants).

*Brian M. Stone,* for the appellee (plaintiff).

BOGDANSKI, J. This is an appeal from the issuance of a writ of mandamus requiring the defendants, as members of the planning section of the planning and zoning commission of Hamden, to issue a certificate of approval in connection with the site plan application submitted by the plaintiff, Peter R. Kosinski.

The facts, which are not in dispute, are as follows: On June 30, 1976, the plaintiff applied to the planning and zoning commission for site plan approval for a proposed retail complex to be constructed on property located on Whitney Avenue in Hamden. The defendants, as members of the planning section, considered the application at a meeting held on July 20, 1976. After being advised that the site plan met all requirements of the zoning regulations, the defendants voted to table the application and to schedule a public information meeting on the plan.

On September 21, 1976, when the defendants again met to consider the plaintiff's application, they adopted a resolution stating that "it is the opinion of this Commission[1] that the site plans [meet] all applicable regulations for a B-3 zone as interpreted by this Commission." The defendants then voted to deny approval of the site plan on the ground that it was a "poor use of the site."

The plaintiff subsequently brought an action for mandamus claiming that the defendants lacked authority to deny site plan approval on the ground of "poor use of the site" and alleging that the defendants, having expressly found that the plan met all the applicable regulations, were required to issue a certificate of approval.

From the issuance of a writ of mandamus by the Superior Court, the defendants have appealed to this court claiming that the trial court erred (1) in finding that the site plan complied with all the applicable zoning regulations; (2) in finding that the plaintiff had no practical administrative remedies; and (3) in concluding that mandamus could properly issue.

The record reveals that the trial court found that the site plan submitted by the plaintiff met all the requirements of the zoning regulations and that the defendants themselves had expressly so found; that there was no provision in the Hamden zoning regulations which would allow the defendants to deny

[1] Under § 210 of the Hamden zoning regulations the word "commission" is defined as "the Hamden Town Plan and Zoning Commission, the Planning Section of the Hamden Town Plan and Zoning Commission, or the Zoning Section of the Hamden Town Plan and Zoning Commission, whichever has jurisdiction over the particular subject matter thereof as prescribed by the by-laws of the Hamden Town Plan and Zoning Commission."

site plan approval for the reason given, i.e., that the plan represents a "poor use of the site"; and that the defendants acted in excess of their authority in refusing to approve the plaintiff's application.

The defendants contend first that § 100 of the Hamden zoning regulations provides authority for denial of a site plan on the ground that the plan constitutes a poor use of the site. The trial court, however, found that the reason given for denying the application was vague, uncertain in meaning and provided no real guidance to the plaintiff as to the manner in which the plan failed to comply with the requirements of the regulations. The court found that § 100 of the regulations, relied on by the defendants, is merely a broad legislative statement of purpose comparable to that found in § 8-2 of the General Statutes, and that, as such, this section does not provide any standards for use in approving or denying site plans. The court then concluded, and we agree, that this section may be used by the defendants only in conjunction with and not as an alternative to the standards contained in the applicable zoning regulations. We conclude, therefore, that the court did not err in finding that the defendants exceeded their authority in denying approval of the plaintiff's site plan on the ground that the plan represented a poor use of the site.

On the issue of whether the court erred in finding that the site plan application did, in fact, comply with all of the applicable regulations, the record reveals that the defendants were expressly so advised at their July meeting and that, at their September meeting, the defendants themselves adopted a motion stating that in their opinion the site plan met all applicable regulations for a B-3

zone. Under these circumstances we cannot conclude that the court erred in finding that the site plan met all the requirements of the zoning regulations.

The defendants next claim that the court erred in rejecting their contention that the plaintiff had failed to exhaust his administrative remedies and that he should therefore have been precluded from seeking relief by way of mandamus. They argue that "[w]hile a mandamus proceeding may be used to require the issuance of a permit which is improperly withheld by an administrative officer or board, this kind of judicial relief may not be used as a means of bypassing administrative remedies or shortcutting orderly administrative processes. Judicial relief may be sought only after available and potentially effective administrative remedies have been exhausted." 3 Anderson, American Law of Zoning (1968 Ed.), § 22.10, p. 614. While the defendants assert in their brief that there were "obvious administrative remedies" available to the plaintiff, they have utterly failed to indicate what those remedies were.

Section 250.1 of the zoning regulations provides that "all apartments, commercial or industrial buildings . . . *shall* have a site plan submitted for review and approval by the Planning Section . . . before any foundation or building permits can be issued by the Building Dept." (Emphasis added.) Section 810 of the regulations, in turn, makes it unlawful to construct or alter any building or part thereof until a written permit has been issued by the building inspector. The court found that under the regulations the granting of site plan approval was a precondition to the obtaining of a building permit, and

that for the plaintiff to have applied for a building permit, notwithstanding the denial of his site plan application, would have been a futile gesture.

Having examined the zoning regulations, we conclude that the court did not err in ruling that there was no practical or adequate administrative remedy under the regulations from the denial of a site plan application. The defendants' claim that the plaintiff should have been required to apply for a building permit and then to appeal to the zoning board from the denial of the building permit, raising in that appeal the issue of any planning section irregularities which contributed to the denial of the building permit, also lacks merit, for courts will not require the exhaustion of an administrative remedy when that remedy is either inadequate or futile. *State ex rel. Golembeske* v. *White,* 168 Conn. 278, 283, 362 A.2d 1354 (1975); *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 13–14, 37 A.2d 689 (1944).

Turning to the question of whether the court erred in determining that mandamus would properly issue to compel approval of the plaintiff's application, we note first that mandamus, being a prerogative writ, will not lie except where there is no adequate remedy in the ordinary process of the law. *Huggins* v. *Mulvey,* 160 Conn. 559, 561, 280 A.2d 364 (1971); see *Maryland* v. *Soper (No. 1),* 270 U.S. 9, 29, 46 S. Ct. 185, 70 L. Ed. 449 (1926). It is well settled that appeals to the courts from administrative officers or boards exist only under statutory authority and that unless a statute provides for such appeals, the courts are without jurisdiction to entertain them. *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160 (1954); *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172 (1946). The

defendants concede, as they must, that there is no statutory provision for appeal from any action taken by the planning section of the planning and zoning commission of Hamden. *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560–61, 290 A.2d 348 (1971). We conclude therefore that the court did not err in ruling that there was no adequate remedy at law available to the plaintiff.

Mandamus is an extraordinary remedy which is designed to enforce the performance of a plain positive duty and the writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled. *State ex rel. Levy* v. *Pallotti,* 133 Conn. 334, 342, 51 A.2d 136 (1947). Moreover, the party seeking performance of the duty has the burden of establishing his clear legal right to performance. *Waterbury Teachers Assn.* v. *Furlong,* 162 Conn. 390, 414, 294 A.2d 546 (1972).

The defendants contend that the plaintiff failed to meet his burden of showing that the act sought to be compelled is a ministerial act. They argue that in ruling upon site plan applications they exercise judgment and discretion and therefore that mandamus is not available to review an action taken or to compel a different course of action. We do not agree.

The fact that the defendants exercise judgment and discretion in passing upon site plan applications does not necessarily mean that mandamus will not lie to compel approval when, as here, the defendants have themselves found that the plan submitted complied with all of the applicable zoning regulations. It is a cardinal principle of mandamus that "if the

officer has exercised and has exhausted his discretion, and . . . decided in the relator's favor all the questions which come properly and legally within his discretion, and has refused to perform the act for a reason neither legally nor properly within the scope of his discretion, the writ will lie to compel him to do the specific act which his own judgment has shown him he should do, upon the ground that the act remaining to be performed by him is a mere ministerial duty." 52 Am. Jur. 2d, Mandamus § 84; see *Clapp* v. *Ulbrich,* 140 Conn. 637, 641–42, 103 A.2d 195 (1954).

In the present case the defendants, in examining the plaintiff's site plan to determine if it complied with the applicable zoning regulations, exercised and exhausted the discretion conferred upon them by the statutes and the regulations. Once the defendants had determined that the site plan complied with the applicable regulations, the issuance of a certificate of approval became a mere ministerial act—i.e., an act which could properly be compelled by the issuance of a writ of mandamus.

There is no error.

In this opinion the other judges concurred.