[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This matter was tried to the court on May 25, 1990. Plaintiffs' trial brief was filed on June 22, 1990 and defendants' briefs were filed on June 26, 1990.
Plaintiffs seek an order that a writ of mandamus issue directing the defendant, Joseph Schiaroli, to declare a building permit, No. 4526 (hereinafter the "Permit"), null and void and to require the applicant/defendant, Joseph Calabrese to cease and desist any further construction and/or site work until a new permit may be issued. Plaintiffs allege that defendant, Joseph Schiaroli, issued a building permit to defendant, Joseph Calabrese, and later extended the permit with an expiration date of December 1, 1988. They further allege that, prior to the expiration date no "fabrication had begun nor had the footing course of the foundation been laid. . . ." Plaintiffs claim that as a result of the aforementioned inaction on the part of defendant Calabrese, by operation of the Zoning Regulations, the Permit became void on December 1, 1988.
 II.
Based on the credible evidence, the court finds the following facts:
The plaintiffs, Mario A. Sarlo and Dorothy Sarlo, are taxpayers to the City of Waterbury and the owners of premises at 167 Newbury Street in the City of Waterbury, which is within 100 feet of property owned by Joseph Calabrese, located at the corner of Store Avenue and Radcliffe Avenue in the City of Waterbury.
The plaintiff, Joanne M. Benedict, is a taxpayer to the City of Waterbury and the owner of premises at 172 Newbury Street in the City of Waterbury, which is within 100 feet of property owned by Joseph Calabrese, located at the corner of Store Avenue and Radcliffe Avenue in the City of Waterbury.
The plaintiffs, Gary R. Huckins and Marian Huckins, are CT Page 1724 taxpayers to the City of Waterbury and owners of premises at 168 Newbury Street in the City of Waterbury, which abuts property owned by Joseph Calabrese, located at the corner of Store Avenue and Radcliffe Avenue in the City of Waterbury.
Defendant, Joseph Calabrese, applied for and was issued a City of Waterbury Building Permit, No. 4526 (The "Permit"), on December 1, 1987 (See Plaintiffs' Exhibits 1 and 2) for the construction of 193 units for congregate living for the elderly on Store Avenue in Waterbury. Defendant, Joseph Schiaroli, the Building Inspector of the City of Waterbury and the officer charged with the administration and enforcement of the Zoning Regulations of the City of Waterbury pursuant to Article VII of said Regulations (See Plaintiffs' Exhibit 3), granted a six month extension of the permit to Mr. Calabrese on May 20, 1988. The extension expiration date was December 1, 1988.
The property was inspected by Mr. Schiaroli on November 29, 1988 (See Plaintiffs' Exhibit 2, i.e. notations by Mr. Schiaroli on reverse side of Exhibit). He observed excavations with footing forms in place. Concrete was delivered and poured at the site on November 30, 1988 (See Defendant Calabrese's Exhibit B). Mr. Schiaroli made a further inspection several days after November 29, 1988 and observed that the concrete footings had been poured.
Section 7.13 of the Waterbury Zoning Regulations, entitled "Building Permits," provides, in pertinent part, that:
 When fabrication has not been begun within six (6) months from the date of the issuance of the permit or where the footing course of the foundation of the structure has not been laid within that period, the building permit shall be void, but the zoning administrator may grant an extension of six (6) months. (See Plaintiffs' Exhibit 3).
Mr. Schiaroli testified that, in his opinion, "fabrication", as referenced in Section 7.13, had begun at the Store Avenue property. He stated once the hole is dug, forms set and footings poured "fabrication" has begun; that this was the policy of his department for the past twenty years he has been there. This opinion was conveyed to the plaintiff, Mario Sarlo, on December 8, 1988 in a discussion in Mr. Schiaroli's office between the two parties. Upon inquiry by Mr. Sarlo as to the status of the Permit, Mr. Schiaroli responded that in his opinion the Permit was valid and he would not revoke it. On February 15, Mr. Schiaroli sent a letter to the East End Community Club, of which Mr. Sarlo is a member, advising that he was denying revocation of the permit (See Defendant Calabrese's Exhibit A). An appeal had not and has CT Page 1725 not been taken to the City of Waterbury Zoning Board of Appeals from Mr. Schiaroli's decision of December 8, 1988.
 III.
Mandamus is an extraordinary equitable remedy that should be granted only under compelling circumstances, Herbert v. Smyth,155 Conn. 78 (1967). "Mandamus will issue only if the plaintiff can establish (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant had no discretion with respect to the performance of that duty; and (3) the plaintiff has no adequate remedy at law." Chamber of Commerce of Greater Waterbury, Inc. v. Murphy, 179 Conn. 712, 717
(1980); Harlow v. Planning Zoning Commission, 194 Conn. 187, 196
(1984).
Plaintiffs' contend that they have a clear legal right to the enforcement of Section 7.13 of the Waterbury Zoning Regulations (See Plaintiffs' Exhibit 3) by the Building Inspector, Mr. Schiaroli, in that he must declare the Permit null and void based on the evidence proffered to this court. It is clear, however, from the testimony that Mr. Schiaroli, in the performance of his duty to enforce the aforementioned regulation, had to make a professional determination as to whether "fabrication" had occurred within the meaning of its use in the Waterbury Zoning Regulations. Moreover, his decision was that there was compliance with the regulation and that the permit was valid. Plaintiffs do not have a clear legal right to have Mr. Schiaroli declare the permit void.
Although plaintiffs rely on Kosinski v. Lawlor, 177 Conn. 420
(1979) to support their position, the facts are distinguishable from the instant case in that there the officer has exercised discretion in making his decision and had decided in favor of the applicants. The only "act remaining to be performed by him was a mere ministerial duty." Id. at 427. In the instant case, there is no clear legal right to compel Mr. Schiaroli to declare void a permit which he has determined in his professional judgment is valid.
Similarly, Palmieri v. Zoning Board of Appeals, 32 Conn. Sup. 625
fails to support plaintiffs' argument. There the court issued a Writ of Mandamus to compel the defendant zoning board of appeals to conduct a hearing and render a decision on the ruling of a zoning enforcement officer unlike the facts in the instant case where plaintiffs' are attempting to require an enforcement officer to invalidate a permit he had previously issued. A portion of Section 8-6 of the General Statutes which sets forth the powers and duties of a zoning board of appeals was quoted in Palmieri, [It is to] hear and decide appeals when it is alleged CT Page 1726 that there is an error in any decision made by the official charged with enforcement of any zoning matter." In the instant case, Mr. Schiaroli had declared the Permit valid prior to the expiration of the extension and had communicated this fact to Mr. Sarlo on December 8, 1988. The proper course for Mr. Sarlo and the other plaintiffs in this matter to have taken was an appeal to the zoning board of appeals.
It is settled law that an aggrieved party in a land use matter must "exhaust" all available administrative remedies before seeking judicial review of an administrative agency's decision. Tondro, Connecticut Land Use Regulation (1979), p. 238; Astarita v. Liquor Control Comm'n., 165 Conn. 185 (1973); Country Lands, Inc. v. Swinnerton, 151 Conn. 27 (1963). As the evidence in this case has shown, there was no appeal taken to the zoning board of appeals by these plaintiffs. Since Section 8-6 of the General Statutes provides that appeals from administrative decisions are to be appealed to the Zoning Board of Appeals, action seeking Mandamus in this matter is improper.
For all of the foregoing reasons, the appeal is dismissed.
SANTOS, J.