[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of Branford Planning and Zoning commission to grant approval to the applicants' site plan.
The applicants submitted an application for site plan approval with the Branford Planning and Zoning Commission (Record A). The application form contained a statement that the particular use for which the site plan was requested was business and professional offices. The applicants also submitted a site plan for the subject property, maps, and photographs of the property and surrounding properties (Record H, H-1).
A public hearing was held on February 16, 1989, immediately following the public hearing for the zone change (Docket No. CV-89-0284428S, Joseph J. Russo, et al. v. Planning Zoning Commission of the Town of Branford, et al.).
During the public hearing on the Application of Site Plan CT Page 4872 Approval, there was discussion concerning access to the building, traffic and pedestrian access, circulation and parking, landscaping, the location and size of a proposed sign, and exterior lighting (Record C). Concern about any increase in traffic was discussed during the public hearing on the Zone Change (Record Docket No. CV-89-0284428S, Record D) the character and appearance of the building as well as the provisions for refuse collection were discussed during the public hearing on the Application for Site Plan Approval (Record C). Action on the Application was tabled until after a decision was made on the Zone Change Petition (Record C).
On March 2, 1989, the Branford Planning and Zoning Commission unanimously approved the Application for Site Plan with the following four conditions:
 1. Install additional landscaping on North side of the property, as recommended by the town planner and staff.
 2. Provide revised site plan indicating variety, size, location and spacing of all plant material to be used.
 3. Indicate on plan the grass area in front of house to be reserved for future parking, should the commission's review at a later date indicate that the rear parking isn't adequate.
 4. Indicate on final plan the dumpster site selected and approved by town planner and engineer.
There was also a note concerning the expiration of approval within one year should the applicant fail to obtain a building permit within said year per Section 31.7 of the Zoning Regulations (Record E, F).
The plaintiffs claim that the applicants did not meet the requirements of the applicable zoning regulations, and that the commission did not properly apply the standards set forth in Section 31.5 of the Regulations (Docket No. CV-89-0284429S, Amended Appeal/Complaint dated December 12, 1989).
Turning first to the question of compliance with the applicable zoning regulations. Section 31.3(b) requires that an application for site plan approval must be complete. This includes a provision in 31.4.1 of the Branford Zoning Regulations that a "Statement of Use" be submitted. This court has examined the record and notes that Exhibit H1 of the record which was an CT Page 4873 exhibit at the public hearing does contain a statement of use. The use is identified in that exhibit as conversion of an existing house to use as an office.
The plaintiff next claims that 31.3e of the Branford Zoning Regulations was not complied with. The Branford Planning and Zoning Commission on March 2, 1989 approved the site plan with conditions which is a type of approval allowed by Section 31.3e of the regulations.
Section 31.5 of the Branford Zoning Regulations sets forth the minimum standards to be used by the Planning and Zoning Commission for determining compliance with Section 31 of the Regulations.
Section 31.5 of the Zoning Regulations of the Town of Branford sets out site plans standards as follows:
 In reviewing the site plan, the Commission shall take into consideration the public health, safety and general welfare and, as a condition of approval, may require such modifications of the proposed plans as it deems necessary to comply with the specific standards contained herein as well as to assure the accomplishment of the following general objectives:
Section 31.5 Public Safety
Section 31.5.2 Traffic and Pedestrian Access
Section 31.5.3 Circulation and Parking
Section 31.5.4 Landscaping and Screening
Section 31.5.5 Lighting and Noise
Section 31.5.6 Public Health
Section 31.5.7 Character and Appearance
Section 31.6 Bond
Section 31.7 Expiration of Approval
Section 31.8 Revisions
Discussion was had on all of the applicable regulations under Section 31. They were discussed, considered, and conditions for approval based on this discussion and consideration were set out CT Page 4874 in the Notice of Decision (Record E).
Next is the question of compliance with Section 36 of the Branford Zoning Regulations.
Section 36 of the Branford Zoning Regulations contains certain regulations dealing specifically with the Town Center Overlay District (Record I). Section 36.5 requires that applications for a special use and/or site plan approval within the town's center shall include, in addition to the requirements of Paragraph 31.4, materials describing facades, pedestrian and vehicular circulation, parking, streetscape, landscaping, signs, permitted uses (a description of the proposed use), and utilities (site plan as required in Paragraph 31.4.2.7). The record shows that all the applicable material required by this subsection was submitted.
Compliance with Section 36.4 of Branford Zoning Regulations has also been raised as an issue.
Section 36.4 of the Branford Zoning Regulations states, in relevant part:
 The Board shall report its findings and recommendations to the Planning and Zoning Commission within 35 days. Such report shall be read at the public hearing on a special use application, or, for a site plan application, at any meeting at which the application is discussed. (Record I).
In the instant case, the Site Plan application was discussed at the same hearing during which the Petition for the Change of Zone was discussed. The hearings were held consecutively. This satisfies the requirements of Section 36.4.
In ruling upon a Site Plan Application, a Planning and Zoning Commission acts in its ministerial capacity, rather than in its quasi-judicial or legislative capacity. It is given no independent discretion beyond determining whether the plan complies with the applicable regulations. Kosinski v. Lawlor,177 Conn. 420, 426, 427, 418 A.2d 66 (1979); Allied Plywood Inc., v. Planning and Zoning Commission, 2 Conn. App. 506, 512,480 A.2d 584 (1984). "If the plan submitted conforms to these regulations, the counsel has no discretion or choice but to approve it." R. K. Development Corporation v. Norwalk, 156 Conn. 369, 375-376,242 A.2d 781 (1968); Forest Construction Company v. Planning and Zoning Commission, 155 Conn. 669, 674-675, 236 A.2d 917 (1967); Allied Planning Inc. v. Planning and Zoning Commission, supra. CT Page 4875
The record shows that the applicants complied with the requirements of the Branford Zoning Regulations. The Planning and Zoning Commission, acting in its ministerial capacity, had no choice but to approve the Site Plan so long as the conditions stipulated were met by the applicants. The plaintiffs' appeal, therefore, is dismissed.
THOMAS V. O'KEEFE, JR., JUDGE