[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above two actions were consolidated by Judge D. Dorsey on CT Page 3080 July 25, 1991, for the purposes of trying the administrative appeal. Practice Book 84A provides, in part:
 Whenever there are two or more separate actions which should be tried together, the court may . . . order that the actions be consolidated for trial. The court files in any action consolidated . . . shall be maintained as separate files. . . .
Additionally, a separate judgment is required in each case. Suburban Sanitation Service, Inc. v. Daniel J. Millstein, et al, Daniel J. Millstein, et al. v. Suburban Sanitation Service, Inc.,19 Conn. App. 283, 290 (1989). For the purposes of this memorandum, Case 1 refers to DN, CV-91-0314879-S; and Case 2 refers to DN, CV-91-0317969-S.
 CASE 1 DN: CV-91-0314879-S
In this action plaintiff, Louis R. Segneri (plaintiff or Segneri), appeals a decision of the Wallingford Planning and Zoning Commission (Commission) denying his application for site plan approval to add twenty additional units to the one hundred and fifty-three existing units in the Staffordshire Commons, an expandable condominium in which the plaintiff is the owner of the development rights. The subject property is designated as Lot 17, Block 2 on Map 49. Segneri appeals the Commission's decision under Conn. Gen. Stat. 8-8. Judge D. Dorsey, on July 25, 1991, granted the motion of the Staffordshire Commons Association, Inc. (Association), Mary Ann Stevernagel, Craig Stevernagel, Martha J. Davis, Jeffrey L. Holzworth and Laura Holzworth, to be made additional party defendants. The Association consists of all one hundred and fifty-three condominium unit owners at the condominium. The Association is responsible, in part, for maintaining all improvements (including building, roads, drainage system and parking areas) within the existing condominium development. The individual defendants are owners of individual condominium units that either abut or are within one hundred feet of the real property owned by the plaintiff.
The parcel on which the Staffordshire Commons is located is 17.915 acres and is zoned RM-6 under the Wallingford Zoning Regulations. (See Return of Record ROR, Exh. 1). RM-6 is a type of multi-family residence district in Wallingford for the purposes of zoning. (ROR, Exh. 19, 4.14). Under RM-6 zoning, with a minimum lot area of 5 acres, 13.9 dwelling units are allowed per CT Page 3081 acre. With a parcel size of 17.915 acres, this unit density regulation would allow up to 238 multi-family units and, therefore, would not disqualify the addition of the proposed twenty units to the southwest corner of the property.
On December 7, 1990, Segneri submitted this site plan application and on December 10, 1990, it was received by the Commission. (ROR, Exhs. 1, 7). The site plan application was considered at Commission meetings on March 11, 1991 and April 8, 1991. (ROR, Exhs. 20, 21).
At the first meeting, the applicant's counsel and engineers and local planning and engineering officials addressed the questions from the commissioners regarding the application. Also, the President of the Wallingford Staffordshire Commons Association was allowed to be heard with his objections to the plan, even though the Commission meeting was not a public hearing.
After the first meeting, several commissioners visited the site. (ROR, Exh. 21, p. 1).
At the April 8, 1991 meeting, there were additional discussions and some of the members voiced their observations from visiting the site. The Association's attorney asked to offer an engineering expert to address the slope and erosion issues, but the chairman stated it would not be allowed because the town engineer was satisfied with the construction plans and the town planner stated that her staff had reviewed the plans and found them satisfactory. The Commission voted first on the motion to approve the site plan application as revised with conditions and that vote was defeated by a vote of 2 to 3. Then, the Commission voted by a vote of 3 to 2 to deny the application. (ROR, Exh. 21, p. 7). The Commission did not state any reasons on the record for its denial.
Notice of the Commission's decision was published in the Record-Journal on April 13, 1991. (ROR, Exh. 16). It is from this decision that the instant appeal arises.
On December 13, 1991, the court heard arguments on this case.
JURISDICTION
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. Appeals from the Zoning Commission are to be taken pursuant to Conn. Gen. Stat. CT Page 30828-8. Conn. Gen. Stat. 8-9.
Aggrievement
Section 8-8 provides that "[a]ny person . . . aggrieved by any decision of said board . . . may . . . take an appeal to the superior court. . . ." Conn. Gen. Stat. 8-8 (a). Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987).
At the hearing held in this appeal on December 13, 1991, the court ruled from the bench finding that plaintiff Segneri was aggrieved under both "classical" and "statutory" aggrievement standards.
Timeliness
Any person who is aggrieved by a decision of the Zoning Commission may take an appeal to the Superior Court. The appeal shall be taken within fifteen days from the date when notice of such decision was published. Conn. Gen. Stat. 8-8. Notice of the Commission's decision was published on April 13, 1991. (ROR, Exh. 16).
Defendants Pat Piscitelli, Chairman of the Wallingford Planning and Zoning Commission, and Katherine Wall, Town Clerk for the Town of Wallingford, were both served on April 24, 1991. They were served within the fifteen day appeal period. Accordingly, plaintiff's appeal is timely.
SCOPE OF REVIEW
The plaintiff contends that the Commission abused its discretion and acted arbitrarily or illegally when it denied his application.
The standard of review is set forth in McCrann v. Town Planning Zoning Commission, 161 Conn. 65, 70-71 (1971), which provides:
 In applying their zoning regulations to a particular situation, the commission is endowed with a liberal discretion and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. Toffolon v. Zoning Board of Appeals, 155 Conn. 558, 560, 236 A.2d 96; Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 442, 190 A.2d 594. This court cannot substitute its CT Page 3083 discretion for the discretion enjoyed by the commission. Belknap v. Zoning Board of Appeals, 155 Conn. 380, 384, 232 A.2d 922; Zieky v. Town Plan Zoning Commission, 151 Conn. 265, 267, 196 A.2d 758. When reviewing the actions of the commission to determine if its finding complied with the standards set out in the regulations, we are not compelled to indulge in a microscopic search for technical infirmities. Parish of St. Andrew's Church v. Zoning Board of Appeals, 155 Conn. 350, 357, 232 A.2d 916; Silver Lane Pickle Co. v. Zoning Board of Appeals, 143 Conn. 316, 319, 122 A.2d 218. The determination of what the public interest requires is within the discretion of the commission. Wade v. Town Plan Zoning Commission, 145 Conn. 592, 595, 145 A.2d 597; Winslow v. Zoning Board, 143 Conn. 381, 391, 122 A.2d 789. It is only where the local zoning authority has acted arbitrarily or illegally and thus abused the discretion vested in it that the courts can grant relief on appeal. Stiles v. Town Council, 159 Conn. 212, 219, 268 A.2d 395.
The burden of proving that the Commission acted arbitrarily, illegally or in abuse of its discretion is on the plaintiff. McCrann, supra at 74.
In passing on the site plan, the Commission is acting in its administrative capacity. See McCrann, supra, 161 Conn. at 77. Conn. Gen. Stat. 8-3 (g) provides that zoning regulations may require that a site plan be filed "to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations." It also provides that "[a] site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning . . . regulations." "Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d."
 Once the commission determines that a site plan complies with the applicable regulations, the issuance of a certificate of approval becomes a mere ministerial act. See Kosinski v. Lawlor, 177 Conn. 420, 427 (1979)
 If the plan submitted conforms to these regulations, the council has no discretion or choice but to approve it.
CT Page 3084
RK Development Corporation v. Norwalk, 156 Conn. 369, 375-376
(1968).
 Courts to not substitute their own judgment for that of the commission so long as honest judgment has been reasonably and fully exercised after a full hearing.
McCrann, supra, 161 Conn. at 78.
 . . . [I]t is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. [citation omitted]
 The action of the commission should be sustained if even one of the stated reasons is sufficient to support it.
Burnham v. Planning Zoning Commission, 189 Conn. 261, 265
(1983).
DISCUSSION
The plaintiff contends that his appeal should be sustained because the Commission's denial was illegal, arbitrary, and an abuse of discretion in that there exists no reasonable basis to support the Commission's decision to deny the application. He notes also that Conn. Gen. Stat. 8-3 (g) provides that "[a] decision to deny or modify a site plan shall set forth the reasons for such denial or modification."
The test for review of commission administrative proceedings is "'whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations.'" Goldberg v. Zoning Commission, 173 Conn. 23, 25-26,376 A.2d 385 (1977). Marmoh, Inc. v. Greenwich, 176 Conn. 116,118 (1978).
 The statement should contain only such reasons as motivated the commission as a collective body.
CT Page 3085
Woodford v. Zoning Commission, 147 Conn. 30, 31 (1959).
In this case, a search of the record shows that the Commission voted first on a motion to approve the application with conditions and that motion was defeated without any statement of reasons. Then the Commission voted on a second motion to deny the application and that motion was approved.
The Commission, as a collective body, did not state for the record any reasons why it denied the application on that vote. (See ROR, Exh. 21, p. 7). The minutes do disclose that each member of the board stated his or her personal views regarding the application. However, these individual views are not available to show the reason for, or the ground of, the board's decision. Welch v. Zoning Board of Appeals, 158 Conn. 208, 214 (1969), citing Grady v. Katz, 124 Conn. 525, 531 (1938). That record also includes knowledge acquired through personal observation of the site. Burnham v. Planning Zoning Commission, 189 Conn. 261, 267
(1983). However, that does not end the court's review.
 Notwithstanding this statutory language, our case law clearly requires the trial court, in appeals from planning and zoning authorities, to search the record to determine the basis for decisions made by those authorities.
Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604,608 (1990.
 Where, as in the present case, however, the commission assigns no reason for its action, the court is left to surmise and conjecture as to what the reasons may be, unless the record discloses a reasonable basis for the action taken. There is then cast on the court the burden, made necessary by the commission's omission, of searching the record to discover sufficient reason to support the decision under review.
Zieky v. Town Plan Zoning Commission, 151 Conn. 265, 268 (1963).
Courts should not lightly interfere in any determinations, including administrative ones, of a duly constituted zoning commission; however, a search of the record before the defendant fails to show how the plaintiff can be said to have failed to comply with the zoning regulations. The defendant Commission now argues through counsel that the record shows that it had serious concerns about stabilizing the slope and erosion problems and that that was sufficient to deny the application. She notes that 7.2 CT Page 3086 of the zoning regulations provide for the accomplishment of certain objectives in approving the site plan. (See ROR, Exh. 19, p. VII-2). She notes that the Commission could reasonably conclude that the erosion problems could not be controlled as required by 7.4F and 6.18 which provides for a soil erosion and sediment control plan and that they, therefore, acted properly in denying the application. Except for vague references to erosion concerns, there is no specific mention in the record of any ways the plaintiff's application does not meet 7.2, 7.4F or 6.18 of the regulations. Yet, however, a review of the record shows that when the Association's counsel at the April 8, 1991 meeting asked to offer to present an engineer to refute the engineering information regarding the slope and erosion issues, the chairman of the Commission explained that the engineer would not be allowed to speak because the town engineer had already been satisfied with the proposed construction of the slope, etc. by the plaintiff, and the town planner also explained that the staff had reviewed the presented material and felt that the plaintiff's plan were acceptable. (ROR, Exh. 21, pp. 4, 5).
The decision of the chairman to not allow the additional expert and the approvals of the plans by the town engineer and town planner were not challenged by the other Commission members. The only expert evidence the Commission had before it was therefore favorable to the applicant. In Feinson v. Conservation Commission of Newtown, 180 Conn. 421 (1980), an inland wetland commission relied upon a lay commissioner's opinions on a technical subject contrary to those of the applicant's engineer. Id. at 424. In overturning the Commission's decision, the Supreme Court said:
 Judicial review of administrative process is designed to assure that administrative agencies act on evidence which is probative and reliable and act in a a manner consistent with the requirements of fundamental fairness. From both perspectives, we are compelled to conclude that a lay commission acts without substantial evidence, and arbitrarily, when it relies on its own knowledge and experience concerning technically complex issues such as pollution control, in disregard of contrary expert testimony, without affording a timely opportunity for rebuttal of its points of view.
Id. at 429. See also Tanner v. Conservation Commn. of Newton,15 Conn. App. 336, 341 (1988): "While we recognize that an administrative agency is not required to believe any of the witnesses, including expert witnesses, it must not disregard the only expert evidence available on an issue when the commission CT Page 3087 members lack their own expertise or knowledge." There is nothing in the record to indicate that any of the commission members had engineering expertise. The Commission, therefore, did not have a reasonable basis to deny the application based upon the erosion and sedimentation concerns.
The defendant Association contends, in addition to the erosion concerns, that the record supports the denial of the application based on the lack of compatibility with the existing units. The defendant Association's argument is two-fold: (1) that the Wallingford zoning regulations require that the proposed expansion be compatible with the existing development which was approved in the spring of 1985; and (2) that the record reasonably supports the Commission's denial because the application is not compatible with the existing development. The Association and individual defendants note that ten of the proposed units would have the same square footage of the smallest units in the existing condominium and the other ten would be half that size. Also, some of these units would not have garages, as the others in the existing units. The Association also raises issues related to problems in the existing units and problems on the site unrelated to the new units; these issues, in and of themselves, are not grounds for denial of the site plan application for the proposed additional twenty units.
With respect to the compatibility argument, the Association and individual defendants argue that, because the existing condominium was approved in the spring of 1985, the zoning regulations enacted by the Commission in September of 1985 should incorporate the regulations in effect in the spring of 1985 and, in fact, do so incorporate them. Counsel argues that since the express purpose of 4.14 of the regulations is for the RM-6 district "to allow the completion of multi-family developments approved under previous Zoning Regulations", the zoning regulations in the spring of 1985 should apply since they required that "the [proposed] development and use will be in harmony with the appropriate and orderly development of the neighborhood in which the facility is being located." The Association's argument, however, fails on two grounds:
(1) Article 1, 1.1 of the current regulations, adopted in September of 1985, provides as follows:
1.1 Enactment; Short Title; Effect.
 The Wallingford Planning and Zoning Commission, acting under authority of Chapter 124. Section 8-3, of the Connecticut General Statutes, hereby amends and codifies the Zoning Regulations, Town of Wallingford, effective November 7, 1958, as CT Page 3088 amended, so that the same shall be as set forth below. The provisions of said regulations and the amendments thereto, insofar as they are consistent with these regulations, are not repealed but are codified in these regulations. Any and all provisions of said regulations as amended which are inconsistent with these regulations are hereby repealed, but such repeal shall not affect any violation which occurred before these regulations (or any amendment thereof) were adopted, or exists, or any penalty incurred, nor any prosecution thereof under said regulations as amended. (emphasis added)
The net effect of 1.1 is to codify all the zoning regulations as of September of 1985 in one document (ROR, Exh. 19) and to have in that codification all regulations that are to be effective and to, thereby, repeal all other inconsistent regulations that are not contained in the codification, effective September of 1985. The codification of September 1985 does not contain the above-cited language in effect in the spring of 1985 and, therefore, the Association cannot rely on that language to allow the Commission to deny the application, based on compatibility (or harmony) with the other units. It should be noted that whereas the site plan regulations in 7.2 do not require or even encourage "compatibility" of the units constructed, the special permit regulations in 7.5B.2. do specify that "the use shall be in scale, and compatible, with surrounding uses, building, streets and open spaces." So, where the zoning regulation-making authority has sought to have "compatibility" considered, it has so provided.
(2) Additionally, compatibility as a general zoning consideration if not a proper ground for denial of site plans under the reasoning of TLC Development Inc. v. Planning Zoning Commission of Branford, 215 Conn. 527 (1990). The resort by the Association and individual defendants to general zoning criteria such a general welfare of the neighborhood, harmony, safety, and preserving property values is without legal basis. At one time, commissions reviewing site plan applications could reject an application based on general health, safety, convenience and protection of property value goals set forth in Conn. Gen. Stat.8-2. Goldberg v. Zoning Commn. of Simsbury, 173 Conn. 23, 28
(1977). The legislature then amended Conn. Gen. Stat. 8-3 (g) to specify that a site plan application could be modified or denied only if it failed to comply with requirements already set forth in the zoning regulations. The Supreme Court has ruled that this amendment has negated the Goldberg ruling. TLC Development Inc. v. Planning Zoning Commn. of Branford, 215 Conn. 527, 530
(1990). See also Kosinski v. Lawlor, 177 Conn. 420 (1979). There CT Page 3089 the court ordered a commission to grant site plan approval where the application met all the requirements of the zoning regulations. In so doing, the court rejected arguments that a commission could rely on general planning criteria stated in a regulation. According to the court, such a regulation is "merely a broad legislative statement of purpose comparable to that found in 8-2 of the General Statutes, and that, a such, this section does not provide any standards for use in approving or denying site plans." Id. at 423. The court concluded that such a regulation may be used "only in conjunction with and not as an alternative to the standards contained in the applicable zoning regulations." Id. Thus, unless there is a specific Wallingford zoning regulation of which the plaintiff's site plan application runs afoul, the plaintiff was entitled to an approval. A property owner "is entitled to be able to ascertain, with reasonable certainty, what uses he may legally make of any portion of his property." Lebanon v. Woods, 153 Conn. 182, 191 (1965).
 The council cannot, in utter disregard of the regulations, disapprove the plan for a reason it would not be required to apply to all applications for planned residential developments as to which the same reason obtained. It would amount to a substitution of the pure discretion of the council for a discretion controlled by fixed standards applying to all cases of a like nature. It would deprive the plaintiff of its property without due process of law.
RK Development Corporation v. Norwalk, 156 Conn. 369, 377 (1968).
The Commission also could not consider the purported adverse effect of the proposed units on property values because those units are a permitted use. The regulations do not bar any particular style of apartment, nor do they require that any particular apartment be compatible with any other. (See ROR, Exh. 19, 4.14). As previously noted, the regulations allow the applicant to use his property rights to create up to 238 multi-family units as permitted under an RM-6 zone.
 "The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic, municipal services, property values or the general harmony of the district."
Beit Havurah v. Zoning Bd. of Appeals of Norfolk, 177 Conn. 440, CT Page 3090 443 (1979).
Therefore, since the Commission did not assign any reason for its denial and since a search of the record has failed to discover a reasonable basis to support the denial, the court hereby finds that the Commission's denial was illegal, arbitrary and an abuse of discretion and, therefore, sustains the appeal.
 CASE 2 DN: CV-91-0317969-S
In this action, the plaintiff, Wallingford Staffordshire Commons Association, Inc. (Association), Mary Ann Stevernagel, Craig Stevernagel, Martha J. Davis, Jeffrey L. Holzworth and Laura Holzworth (individuals who own real property which abuts or is within one hundred feet of the subject property) (individual plaintiffs), appeal a decision of the Wallingford Planning and Zoning Commission (Commission) granting defendant, Louis R. Segneri's (defendant or Segneri), application for site plan approval to add seventeen additional units to the one hundred and fifty-three existing units in the Staffordshire Commons, an expandable condominium in which the defendant Segneri is the owner of the development rights of the subject property and the defendants, Staffordshire Associates Limited Partnership and Southwest Village of Farmington Limited Partnership, are the owners of the subject property, designated as Lot 17, Block 2 on Map 49. The Association and individual plaintiffs in Case 2 are the same Association and individual defendants in Case 1.
The facts underlying the first appeal are set forth in Case 1 above and are hereby incorporated. The original site plan application in Case 1 included ten two-bedroom apartments and ten one-bedroom ("efficiencies") apartments.
Louis Segneri then filed a second site plan application with the Commission on May 10, 1991. (ROR, Exh. 1). The second application attempted to address the opposition to the one-bedroom apartments. The second application proposed a total of seventeen units. Sixteen of those are two-bedroom units while only one (instead of the previous ten) is a one-bedroom unit. (ROR, Exh. 13). Segneri agreed to accept any modification of the plan to conform with comments of the Commission's staff and town departments. (ROR, Exh. 7, p. 2). The Commission, by a 4 to 1 vote, approved the application with various conditions. (ROR, Exh. 7, p. 20). Notice of the decision was published on June 15, 1991 in the Record-Journal. (ROR, Exh. 10). It is from this decision that the instant appeal arises.
On December 13, 1991, the court heard arguments on this case. CT Page 3091
JURISDICTION
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created that right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id. Appeals from the Zoning Commission are to be taken pursuant to Conn. Gen. Stat.8-8. Conn. Gen. Stat. 8-9.
Aggrievement
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317, 321 (1987).
At the hearing held in this appeal on December 13, 1991, the court ruled from the bench finding that the Association and individual plaintiffs were aggrieved.
Timeliness
Any person who is aggrieved by a decision of the Zoning Commission may take an appeal to the Superior Court. The appeal shall be taken within fifteen days from the date when notice of such decision was published. Conn. Gen. Stat. 8-8. Notice of the Commission's decision was published on June 15, 1991. (ROR, Exh. 1). Defendants, Planning and Zoning Commission, Town of Wallingford, Louis Segneri, Staffordshire Associates Limited Partnership, Southwest Village of Farmington Limited Partnership, were all served personally or through agents of service on June 25, 1991. They were served within the fifteen day period. Accordingly, plaintiff's appeal is timely.
SCOPE OF REVIEW
The Association and individual plaintiffs contend that the Commission abused its discretion and acted arbitrarily or illegally when it approved the second site plan application filed by Segneri.
The scope of review discussion set forth in Case 1 above similarly applies to this case and is hereby incorporated.
DISCUSSION
The plaintiff first argues that the action of the Commission approving the second site plan constitutes an improper reversal of its denial of the first site plan submitted because there has not been a material change of conditions or circumstances as is CT Page 3092 required by law since the denial of the first site plan.
As has been noted in Case 1 above, in passing on the site plan, the Commission is acting in its administrative capacity. Therefore, if the plan submitted conforms to the regulations, the Commission has no discretion or choice but to approve it. Kosinski v. Lawlor, 177 Conn. 420 (1979). There is no specific prohibition in the applicable statutes to preclude an applicant from submitting any number of site plans for use of its land that would conform to the regulations.
 "As a general rule, an administrative tribunal, such as a zoning board of appeals, is not permitted to reverse itself unless a change of circumstances intervenes which materially affects the merits of the case. Sipperley v. Board of Appeals on Zoning, 140 Conn. 164, 167, 92 A.2d 907. This requirement deters the exertion of improper influences and lends finality to the board's decision. Fiorilla v. Zoning Board of Appeals, 144 Conn. 275, 279, 129 A.2d 619. Because of the nature of a special exception, the board can grant a second application which has been substantially changed in such a manner as to obviate the objections raised against the original application, as more fully explained in Mitchell Land Co. v. Planning Zoning Board of Appeals, 140 Conn. 527, 534, 535, 102 A.2d 316. The board may grant the exception once it finds that all the requirements of the ordinance have been satisfied and that the applicant is willing to comply with any conditions which the board is empowered to impose. See Abramson v. Zoning Board of Appeals, 143 Conn. 211, 213, 120 A.2d 827
Rocchi v. Zoning Board of Appeals, 157 Conn. 106, 111 (1968).
In the instant case, the Commission initially denied the site plan application but did not state the reasons on the record. In the second application, Segneri came forward and stated at the June 10, 1991 meeting, "they have eliminated in the main, almost all of the so called efficiency units. It is now one, is now ten percent of the original number. We have in so doing, lost three units. . . . And that's why in a spirit of trying to reconcile the Commission's comments to what our client can do, we have come back with this proposal, which alters that part which drew the most comment." (ROR, Exh. 7, p. 2). CT Page 3093
Even though the court has already determined that the Commission improperly denied the first application in Case 1, the question now before this court is whether the Commission's action on the second site plan is reasonably supported by the evidence in the record. George La Cava Sons, Inc. v. Town Planning Zoning Commission, 154 Conn. 309, 311 (1966).
It is sufficient to note that, although the record notes the opposition of the Association and individual plaintiffs, the record discloses ample evidence to support the Commission's conclusion by its approval vote that the defendant made substantial changes in his second application to address and obviate the objections raised against the first application and that the new second site plan conforms to the Commission's regulations. (See ROR, Exh. 7, p. 15 — Ms. Bush's comments; p. 16-17 — Mr. Piscitelli's comments).
 "Since the alterations addressed and met the objections prompting the original denial, the board was justified in granting the special exception despite the earlier denial of a similar request. Mitchell Land Co. v. Planning Zoning Board of Appeals, supra, 535.
Shippee v. Zoning Board of Appeals, 39 Conn. Sup. 436, 438 (1983).
The individual plaintiffs and Association then raise essentially the same arguments that were raised in Case 1, i.e. that compatibility between the existing and new units is required and that the second application does not comply with the regulations. Those arguments have already been disposed of by the court by its decision in Case 1 and its conclusion above that there is ample support in the record (ROR, Exh. 7) to support the Commission's decision that the second site plan conforms to the regulations.
Therefore, since the individual plaintiffs and the Association have not met their burden of proving that the Commission acted arbitrarily, illegally or in abuse of its discretion, the plaintiffs' appeal in Case 2 is hereby dismissed.
Clarine Nardi Riddle Judge of the Superior Court