[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 1, 2001 the plaintiff corporation filed a petition with the defendant requesting that its special permit approved on April 2, 1991 and in 1967 be amended so as to allow the addition of four boat slips to an existing pier located in Milford Harbor. (Ret. of Record — b.) After several hearings on the subject held by the defendant Milford Planning and Zoning Board (PZ) the PZ on June 5, 2001 voted to deny the petition. (Ret. of Record — bb.) The minutes containing the record of this vote noted that the request for four additional boat slips was inconsistent with the residential zone district within which the applicant's property was located (Ret. of Record — hh) as well as the official notice. (Ret. of Record — bb).
It is from this decision that the plaintiff appeals claiming that the PZ, inter alia, failed to approve the petition which conformed to the regulations, did not assign a proper reason for the denial, improperly interpreted the controlling regulation and decided the application on information not in the record.
The question of whether the plaintiff is an aggrieved party with standing to prosecute this appeal was met and satisfied by Plaintiff's Exhibit One, a deed to the premises, and Exhibit Two, an affidavit concerning the property.
The zoning regulations for the City of Milford provide in Sec. 3.1.2.17 as pertains to docks that; (1) the number of boat slips allowed shall be consistent with the Milford Harbor Management Plan as determined by the Milford Harbor Management Commission, (2) the lot owner shall obtain all necessary permits from state and federal authorities prior to constructing such facilities and (3) such facilities shall be designated for the exclusive use of the owner. CT Page 7287
The plaintiff presently maintains an dock with four boat slips. In 1990 the PZ amended a special permit in favor of the property allowing two additional boat slips over the existing permitted two slips. The regulations in place prior to the plaintiff's present application eliminated the number of allowable slips leaving such determination to The Harbor Commission as "consistent" with the Harbor Management Plan.
The Harbor Commission on February 23, 2001 found the application and request consistent with the Harbor Management Plan pursuant to (1). (Ret. of Record (a).) The prior installation of four slips required state and federal approval which was obtained in compliance with (2). (Ret. of Record — l.) During the pendency for this application before the PZ, the commission heard from traffic authorities that the proposed additional slips would create no additional traffic problems, that the addition of four slips conformed to the zoning regulations and that such additions would not adversely affect existing property values in the neighborhood. Evidence was received by the PZ by way of petitions, correspondence and public participation at the several public hearings in opposition with significant comment on the applicant's use of the existing four slips by persons other than the owner as expressly limited in the permit. (See Ret. of Record — i.) The minutes also reflect views of residents in favor of the application (Ret. of Record — dd.)
The record reveals that the plaintiff's requested amendment to permit four additional slips was found to be consistent with the harbor plan. The pending special permit had already received zoning approval for four slips some time prior to this application and the court concludes that the record does not support the conclusion of the commission that the addition of four more slips is inconsistent with the residential zone district as expressed by the vote of the PZ. The issues raised by some board members and the public as to the applicant's use of the slips is more a matter of appropriate enforcement of the regulations rather than a consideration in denial of the application. Likewise whether the Harbor Commission is in sync with the PZ as concerns city goals and objectives in property use is not a consideration for denial. (See Ret. of Record — gg.)
It is the conclusion of this court that the PZ exceeded its authority in denying this application on the ground that such increased utilization of a permitted use was "inconsistent" with the zone in which the property was located and where such use was previously found to be in harmony with the Harbor Management Plan as required by the zoning regulation. See Kosinski v. Lawlor, 177 Conn. 420, 423. See also Zickyv. Town Plan and Zoning Commission of the Town of Bloomfield,151 Conn. 265, 267 where the court indicated that where liberal CT Page 7288 discretion is enjoyed by zoning authorities such discretion must be exercised on reasonable grounds with support in the record.
Accordingly, the appeal is sustained.
George W. Ripley II Judge Trial Referee