MARTIN JAJER ET AL. *v.* ZONING COMMISSION OF THE TOWN OF NEW MILFORD ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1270

Argued May 19—decided September 3, 1982

*Neil R. Marcus,* with whom, on the brief, was *Robin A. Kahn,* for the appellants (plaintiffs).

*Thomas P. Byrne,* for the appellee (named defendant).

*Robert J. Murphy,* for the appellees (defendants Maurice Jajer and Marie Jajer).

DALY, J. This is an appeal from a dismissal of the plaintiffs' appeal of a site plan approval. The salient facts may be summarized as follows: In August of 1979 the defendants Maurice and Marie Jajer applied to the defendant zoning commission of the town of New Milford for approval of a site plan to allow an extension of an existing building on the defendants' property for use as a restaurant. The commission held a public hearing on the application on August 28, 1978, and it was approved on October 9, 1979. The approval was reaffirmed on November 13, 1979.

The plaintiffs, residents and taxpayers of New Milford, and owners of the premises abutting the defendants' property, filed an appeal from the commission's approval in Superior Court on October 28, 1981, purportedly pursuant to General Statutes § 8-9. The commission moved to dismiss the appeal for lack of jurisdiction, claiming that there is no statutory authority for appealing site plan approvals. The trial court granted the motion for the following reasons: (1) there was no requirement of publication of site plan approvals and, therefore, the statute authorizing zoning appeals is inapplicable; (2) since the plaintiffs did not appeal to the zoning board of appeals, they failed to exhaust their administrative remedies; and (3) even if the plaintiffs had a right of appeal, the period for taking an appeal had expired. The plaintiffs have appealed to this court from the dismissal.

Initially, the defendants challenge the jurisdiction of this court to hear the plaintiffs' appeal. The gravamen of their claim is that while General Statutes § 51-197d, as amended by Public Acts 1981, No. 81-416, grants a right of further review of administrative appeals to the appellate session, General Statutes § 8-8, which authorizes zoning appeals, provides that there is "no right to further review except to the supreme court by certification . . . ." It therefore takes precedence over § 51-197d. In *Barausky* v.

*Zoning Board of Appeals,* 38 Conn. Sup. 356, 447 A.2d 758 (1982), the same issue was presented for our consideration. In that case we held that § 51-197d, as amended, constitutes the legislature's most recent statement on the issue and thus repeals by implication the contrary portion of § 8-8. Accordingly, we conclude that we have jurisdiction over the subject matter of this appeal.

The plaintiffs assert that the three conclusions reached by the trial court were erroneous and the action should not have been dismissed. We do not agree.

Appeals to the courts from administrative agencies exist only under statutory authority and, unless a statute so provides, courts are without jurisdiction to entertain them. *Sheridan* v. *Planning Board,* 159 Conn. 1, 10, 266 A.2d 396 (1969). The plaintiffs brought this appeal pursuant to General Statutes § 8-9, which provides: "Appeals from zoning commissions and planning and zoning commissions may be taken to the superior court . . . in the manner provided in section 8-8." Section 8-8 provides in relevant part: "Any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board . . . may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court . . . ."

The statute authorizing zoning commissions to require the submission of site plans is General Statutes § 8-3 (g).[1] At the time the plaintiffs brought this ac-

---

[1] "[General Statutes] Sec. 8-3. ESTABLISHMENT AND CHANGING OF ZONING REGULATIONS AND DISTRICTS. ENFORCEMENT OF REGULATIONS. BUILDING PERMITS. SITE PLANS. . . . (g) The zoning regulations may require that a site plan be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations. A site plan may be modified or denied only if it fails to comply with requirements

tion in Superior Court, there was no requirement that the commission publish notice of its decision.[2] Since appeals pursuant to § 8-8 are contingent upon publication of notice, and since there was no such requirement for site plan approvals here, it follows that the plaintiffs have no right of appeal. Hence, the motion to dismiss was properly granted.

Since this ruling is dispositive of the appeal, we need not consider the other issues raised by the plaintiffs.

There is no error.

In this opinion BIELUCH and COVELLO, Js., concurred.

already set forth in the regulations. Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d. A decision to deny or modify a site plan shall set forth the reasons for such denial or modification. A copy of any decision shall be sent by certified mail to the person who submitted such plan within fifteen days after such decision is rendered. The zoning commission may, as a condition of approval of any modified site plan, require a bond in an amount and with surety and conditions satisfactory to it, securing that any modifications of such site plan are made."

[2] We note that § 8-3 (g) was recently amended, effective October 1, 1982, to require publication of notice of approval of site plans. Public Acts 1982, No. 82-90.