ALLIED PLYWOOD, INC. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF SOUTH WINDSOR
SAVIN BROTHERS, INC. *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF SOUTH WINDSOR
(2978)
(2828)

DANNEHY, C.P.J., HULL and SPALLONE, Js.

Argued June 13—decision released September 4, 1984

*Yolanda Sefcik,* for the appellants (plaintiff in each case).

*Richard M. Rittenband,* for the appellee (defendant in both cases).

SPALLONE, J. These are combined appeals. Allied Plywood, Inc. (Allied) appeals[1] from the dismissal of its administrative appeal from the decision of the defendant planning and zoning commission of the town of South Windsor (commission), denying Allied's site

---

[1] The plaintiff Allied's petition for certification to appeal to this court was granted on January 13, 1984.

plan application. Savin Brothers, Inc. (Savin) appeals from the denial of an application for a writ of mandamus ordering the commission to approve the site plan application.

The administrative appeal and the petition for a writ of mandamus were consolidated and tried together. The record and proceedings before the commission were the bases for the trial court's decision in both cases.

Allied entered into an agreement to purchase from Savin certain property known as Lot No. 6, Parkcentre,[2] in the town of South Windsor. The agreement was conditioned upon Allied's obtaining site plan approval for its planned warehousing operation. Lot No. 6 is located in a zone in which warehousing is a permitted use. In accordance with the South Windsor zoning regulations, Allied submitted its site plan of development to the commission for approval. The commission denied the application, and Allied appealed to the trial court on November 13, 1981. The trial court dismissed the appeal stating that the commission's reasons for rejecting the application were supported in the record and were concerns properly before it. Allied appeals from that dismissal claiming that the court erred (1) in determining that the reasons for denying the application were supported in the record and were concerns properly before the commission, when the application complied with all applicable zoning regulations, and (2) in considering facts and issues beyond the scope of the commission's formally stated reasons.

On November 13, 1981, the date on which Allied appealed from the commission's decision, there was no

---

[2] The complaint, memorandum of decision and judgment file in each action designates the property as Lot No. 5, Parkcentre. The site plan application included in the record of proceedings before the commission, however, reveals that the property in question was, in fact, Lot No. 6, Parkcentre.

statutory right to bring such an appeal.[3] *Jajer* v. *Zoning Commission,* 38 Conn. Sup. 492, 494–95, 452 A.2d 122 (1982). It is well settled that appeals to courts from administrative officers or boards exist only under statutory authority and that unless a statute provides for such appeals, the courts are without jurisdiction to hear them. *Kosinski* v. *Lawlor,* 177 Conn. 420, 425, 418 A.2d 66 (1979); *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160 (1954). The trial court had no jurisdiction to hear this appeal. We therefore hold that the trial court's dismissal of the plaintiff's appeal was proper, but for the wrong reason.

Where the trial court reaches a correct decision but on mistaken grounds, the trial court's action will be sustained if proper grounds exist to support it. *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978); *Morris* v. *Costa,* 174 Conn. 592, 597–98, 392 A.2d 468 (1978); *DiMaggio* v. *Cannon,* 165 Conn. 19, 24, 327 A.2d 561 (1973). The present case is within that principle of law. We find no error in *Allied Plywood, Inc.* v. *Planning & Zoning Commission.*

Since we have concluded that Allied had no statutory right of appeal, we have negated the court's reason for denying Savin's petition for a writ of mandamus, i.e.,

---

[3] General Statutes § 8-9 provides that appeals from planning and zoning commissions may be taken to the Superior Court in the manner provided in § 8-8. Pursuant to § 8-8, such appeals must be taken "within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7 . . . ." The statute authorizing the submission of site plans to the zoning commission or other municipal agency is General Statutes § 8-3 (g). When this action was brought, there was no requirement in § 8-3 that the commission publish notice of its decision. Because appeals pursuant to § 8-8 are contingent upon publication of notice, and since there was no such requirement here, it follows that Allied had no right of appeal. *Jajer* v. *Zoning Commission,* 38 Conn. Sup. 492, 494–95, 452 A.2d 122 (1982).

Section 8-3 (g) has since been amended to require publication of notice of approval of site plans. Public Acts 1982, No. 82-90.

that Savin had an adequate remedy at law, to wit, the administrative appeal. In denying the petition for a writ of mandamus, the trial court expressly referred to its memorandum of decision in Allied's appeal. Therefore, Savin claims that the court erred not only in finding that it had an adequate remedy at law, but also in finding that the commission had the discretion to reject the site plan. In order to address that issue, we must look to the record to determine if the trial court would have been justified in denying mandamus on any other grounds.

Pursuant to the town zoning regulations, Allied presented its preliminary plans to the engineering department of the town of South Windsor and thereafter submitted its final plans to the commission. After a public hearing at which exhibits were entered and testimony taken, the application was denied on October 27, 1981.

The commission's stated reason for denying the application was that "the construction of the proposed building would infringe on nearby residential property owners and their basic rights due to the size and height of the building." The record reveals that the proposed building, in fact, met every requirement of the applicable zoning regulations.[4] Although some concern about the adequacy of the proposed buffer zone was voiced at the public hearing, the plans provided a 70 foot wide buffer where the regulations required one of only 25 feet. The commission's reason for denying the application is as vague and unsatisfactory as the reason given in *Kosinski* v. *Lawlor,* supra, 422. In *Kosinski,* the planning section of the planning and zoning com-

---

[4] The town engineer, the town planner and other experts testified that the site plan submitted by Allied fully complied with all local zoning regulations as well as with municipal provisions governing storm drainage, sewage disposal, water, fire protection and the preservation of the natural features on the lot.

mission of Hamden found that a site plan complied with the applicable regulations, but withheld approval of the plan on the ground that it constituted a "poor use of the site." Id. The Supreme Court sustained the trial court's conclusion that this reason was "vague, uncertain in meaning and provided no real guidance to the plaintiff as to the manner in which the plan failed to comply with the requirements of the regulations." Id., 423. The court held that since the plan, as submitted, complied with all the applicable regulations and the applicant had no adequate remedy at law, mandamus would lie.

In this case, the commission's reason for denying the site plan application makes no reference to whether the applicant complied with the regulations. It merely comments upon the size and height of the building. The trial court, however, stated that in the present case "it is clear that the commission did not conclude that the site plan met zoning requirements. It concluded that, given the nature and size of the operation, there was insufficient buffer to satisfy Section 4.8.4.3 of the South Windsor zoning regulations. Admittedly, the Commission did not use the explicit language of this opinion, but there was ample evidence as to the nature of their concern."

As we have noted above, the commission's sole reason for denying the site plan was that the size and height of the proposed building would somehow infringe upon the basic rights of residential property owners in the neighboring area. No mention of the buffer zone was made. Thus, we find that the memorandum of decision in this case discloses that the trial court looked behind the formal vote and the reasons stated by the commission for its action and inferred that the commission found the plan deficient in respects other than those reasons stated. This was clearly erroneous.

"[W]here a zoning commission has formally stated the reasons for its decision the court should not go behind that official collective statement of the commission. It should not attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision." *DeMaria* v. *Planning & Zoning Commission,* 159 Conn. 534, 541, 271 A.2d 105 (1970).

Connecticut General Statutes § 8-3 (g) provides in pertinent part that "[a] site plan may be modified or denied only if it fails to comply with the requirements already set forth in the regulations. . . . A decision to deny or modify a site plan shall set forth the reasons for such denial or modification." Neither the stated reason for the denial nor a thorough and meticulous search of the record discloses to this court any evidence that the applicant failed to conform to each and every applicable requirement of the regulations governing site plan approval. In ruling upon a site plan application, the planning commission acts in its ministerial capacity, rather than in its quasi-judicial or legislative capacity. It is given no independent discretion beyond determining whether the plan complies with the applicable regulations. *Kosinski* v. *Lawlor,* supra, 426–27. The board is under a mandate to apply the requirements of the regulations as written. "If the plan submitted conforms to these regulations, the council has no discretion or choice but to approve it." *RK Development Corporation* v. *Norwalk,* 156 Conn. 369, 375–76, 242 A.2d 781 (1968); *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 674–75, 236 A.2d 917 (1967). Every property owner is entitled to rely on the local zoning regulations and to use his property accordingly. See *Helbig* v. *Zoning Commission,* 185 Conn. 294, 308, 440 A.2d 940 (1981); *Lebanon* v. *Woods,*

153 Conn. 182, 191, 215 A.2d 112 (1965); *Leveille* v. *Zoning Board of Appeals,* 145 Conn. 468, 473, 144 A.2d 45 (1958). We conclude that there was no basis in the record for the trial court's finding that the plaintiff failed in any manner to conform to the requirements of the town zoning regulations.

A writ of mandamus is the proper remedy under the circumstances of this case. Mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law. *Vartuli* v. *Sotire,* 192 Conn. 353, 365, 472 A.2d 336 (1984). Since these requirements have been met, we conclude that the court should have granted the plaintiff's petition.

In *Allied Plywood, Inc.* v. *Planning & Zoning Commission,* there is no error. In *Savin Bros., Inc.* v. *Planning & Zoning Commission,* there is error, the judgment is set aside and the case is remanded with direction to render judgment ordering the commission to approve the site plan.

In this opinion the other judges concurred.