[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal arises from the action of the defendant, Branford Planning and Zoning Commission, in denying an application for a site plan approval relating to property located at 49 Leetes Island Road in Branford. The site plan in question provides for the construction of a restaurant on a site previously approved for a car wash and self-service gasoline station.
The application was submitted on March 1, 1990 and tabled on a number of occasions and finally denied on July 5, 1990. The plaintiff has filed this appeal alleging that the site plan complied with the applicable zoning regulations of the Town of Branford, and that the defendant's action of denying the application was illegal, arbitrary and a gross abuse of discretion.[1]
Section 8-3(g) of the Conn. Gen. Stats. requires that a site plan be submitted so as to allow the commission to determine if the proposed use of the parcel complies with existing zoning regulations and thus can be rejected only if it fails to comply with such regulations. Norwich v. Norwalk Wilbert Vault Co.,208 Conn. 1, 13 (1988). When reviewing and acting upon site plan applications, the commission acts in an administrative capacity. Goldberg v. Zoning Commission, 173 Conn. 23, 29 (1977). In reviewing the site plans the commission has no independent discretion beyond determining whether the plan complies with the applicable regulations and is required to apply the requirements of the regulations as written, Allied Plywood, Inc. v. Planning 
Zoning Commission, 2 Conn. App. 506, 512 (1984).
The commission gave the following reasons for denying the plaintiff's application:
 1. The intensity of the combined uses on the site would result in hazardous and detrimental impacts both on and adjacent to the site per Sect. 31.5.7.
 2. Traffic, circulation and parking not properly satisfied under Sections 31.5.3 of the Branford Planning and Zoning Regulations.
 3. Failure to present final plan revisions in time for professional review prior to the meeting.
The third reason given for the denial of the application is somewhat ambiguous although it was argued by the defendants that the commission did not have the opportunity to determine if the site plan was in conformance with the regulations. However, the record does not support a claim that the proposed use was not in accordance with the regulations other than the specific sections cited in the first and second reasons for denial.[2] A review of CT Page 3508 the record would indicate that the application was denied based upon concerns relating to the intensity of the proposed mixed use on the premises and concerns regarding traffic circulation and parking pursuant to sections 31.5.7 and 31.5.3 of the zoning regulations.
Sec. 8-3(g) of the Conn. Gen. Stats. provides: "A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning. . .regulations." The commission utilized sections 31.5.3 and 31.5.7 as reasons to "deny" the application. The general heading under which those sections appear is section 31.5 entitled "Site Plan Standards."
However, these very regulations were at issue in TLC Development, Inc. v. Planning Zoning Commission, 215 Conn. 527
(1990). The Supreme Court held in that case that the general objectives set forth in section 31.5, by the terms thereof, are to serve only as a basis for requiring of modification of the proposed site plan, and not as a basis for denying approval as was done in the case at hand.[3]
While the general objectives of section 31.5 cannot serve as a basis for a denial of the site plan application, it is not the opinion of the court that the commission be ordered to approve the application. The plaintiff's appeal is sustained and the matter remanded to the Planning and Zoning Commission for further action consistent with this opinion and the Branford Zoning Regulations."[4]
Bruce W. Thompson, Judge.
FOOTNOTES