TLC DEVELOPMENT, INC.

v.

TOWN OF BRANFORD, et al.

Civ. No. 3:91CV00374 (PCD).

United States District Court,
D. Connecticut.

March 8, 1994.

William C. Berry, Nicole D. Dorman, Marcia J. Gleeson, Gerald S. Sack, Sack, Spector & Barrett, West Hartford, CT.

Beverly Stauffer Knapp, L. Douglas Shrader, Paul F. Thomas, Zeldes, Needle & Cooper, Bridgeport, CT.

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

DORSEY, District Judge.

A. *Defendants' Motion for Summary Judgment*

Defendants move for summary judgment on all plaintiff's claims. The facts are recited in the Ruling on Cross Motions for Summary Judgment of July 31, 1992. Defendants now claim that:

a) defendant Gott and defendant Church were not involved in the decisions on plaintiff's site plan.

b) The members of the Planning and Zoning Commission (PZC) who voted to disapprove the site plan did so on proper considerations, later found erroneous on appeal by the Connecticut Superior and Supreme Courts.

Accordingly, defendants claim plaintiff may not recover on any of the remaining claims, as a matter of law.[1] Plaintiff's remaining claims are for deprivation of property without due process by the Town, Count 1, and by the members of the Planning and Zoning Commission, Count 2, and tortious interference with a business opportunity by all de-

---

1. Plaintiffs do not assert a want of a property interest in the site plan approval as a basis for the motion. *See Brady v. Colchester,* 863 F.2d 205, 212 (2d Cir.1988); *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54 (2d Cir.1985).

fendants, Count 4. The facts decided by the Connecticut courts in plaintiff's appeal are conclusive here.

### FACTUAL BASIS FOR DENIAL OF APPROVAL OF SITE PLAN

Defendants' statement of undisputed facts recites as the reasons for rejecting the site plan the following:

a) Concerns for safety, traffic and pedestrian access, circulation and parking, citing the Zoning Regulations.

b) An unacceptable level of service, specifically at what appear to be adjacent streets.

c) Doubling of the traffic on East Main Street.

d) Increase of traffic on Route 1.

e) Inconvenient parking area location.

Plaintiff does not controvert same but asserts the motion raises a question of law and the facts found by the Connecticut courts. *See TLC Development v. Planning and Zoning Commission,* 215 Conn. 527, 577 A.2d 288 (1990), *overruled,* 222 Conn. 262, 608 A.2d 1178 (1992). The reasons cited were relied on in the appeal to the Connecticut courts, summarized as "increased traffic on Route 1, increased traffic on local streets in the vicinity, and the 'inconveniently' located rear parking area." *Id.* 215 Conn. at 529–30, n. 1, 577 A.2d 288.

### DISCUSSION:

■ A movant seeking summary judgment is entitled to relief only if it removes from doubt the existence of any genuine issue of material fact and demonstrates its entitlement to judgment as a matter of law. Rule 56, Fed.R.Civ.P.

### 1) Claim of bias, discrimination or improper motivation

Defendants argue that plaintiff has not shown the denial was based on bias, discrimination or other improper motivations. It is alleged that consideration of established town merchants who would be adversely impacted by competition from stores in the proposed shopping center, delay to cause plaintiff to be unable to bring the project to fruition and political considerations were motivating factors in the denial. Defendants have offered

evidence that such was not the case. Plaintiff has not shown that there is a genuine issue of fact in that regard. On that basis defendants are entitled to summary judgment.

### 2) Claim of denial of due process

■ A site plan may be part of the scheme of zoning regulation but a plan may be "denied only if it fails to comply with requirements already set forth in the zoning.... regulations." Conn.Gen.Stat. § 8–3(g). In deciding a site plan application, the commission acted in an administrative capacity. *Allied Plywood, Inc. v. Planning & Zoning Commission,* 2 Conn.App. 506, 512, 480 A.2d 584, *cert. denied,* 194 Conn. 808, 483 A.2d 612 (1984). "If the plan ... conforms to the[ ] regulation, the [commission] has no discretion or choice but to approve it." *RK Development Corp. v. Norwalk,* 156 Conn. 369, 374–76, 242 A.2d 781 (1968). The citations by the Commission as supporting its denial are subsections of § 31.5, entitled "Site Plan Standards," of the Branford Zoning Regulations. "[T]he text of § 31.5 makes it clear that the general objectives are to serve solely as the basis for requiring a modification of the proposed site plan, [whereas] the commission used the[m] ... as the basis for denying the application altogether." *TLC Development v. Planning and Zoning Commission,* 215 Conn. at 532, 577 A.2d 288. Consideration of offsite traffic problems in denying approval was unlawful. *Id.* Designation of a permitted land use, as with plaintiff's land, " 'establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic, municipal services, property values or the general harmony of the district.' " *Id.* at 533, 577 A.2d 288, quoting *Beit Havurah v. Zoning Bd. of Appeals,* 177 Conn. 440, 443, 418 A.2d 82 (1979). So also, citing § 31.5.3, convenience in the arrangement of parking could not justify denial of a site plan. *TLC Development,* 215 Conn. at 533, 577 A.2d 288. The trial court on the appeal found the record before the commission bereft of evidence to sustain a finding of noncompliance with § 31.5.3. Plaintiff's Memorandum, Ex. A, p.

9. The Commission was held to have denied approval of TLC's site plan unlawfully as its reasons did not authorize denial.

■ Defendants argue that the record does not permit a finding that there was no rational basis for the denial. That is not the question presented. The claim here is that there was no basis in the law for the denial. A town, through its Commission, cannot arbitrarily refuse to permit a landowner to use land if the proposed use comports with the uses permitted in the district in which the land is located. By articulating the uses permitted in a district, a town has fixed the uses which accommodate all the considerations permitted by the law in adopting a town plan. Once it has done so, a town cannot prevent a permitted use based on factors which might have been, or were, considered in deciding the uses permitted in the zoning district. Nor can the town deny approval of a site plan on the basis of factors which might only justify its modification. The Commission acted unlawfully in both respects in denying approval of TLC's site plan.

■ Defendants concede that landowners are protected from arbitrary action of towns through their officials by the due process clause of the Constitution. An arbitrary decision is one made "without adequate determining principle or was unreasoned." *United States v. Carmack*, 329 U.S. 230, 243, 67 S.Ct. 252, 258, 91 L.Ed. 209 (1946). The record reflects the Commissioners' subjective beliefs that the site plan did not conform to the Zoning Regulations. They argue that they would have been obliged to approve the plan if they determined that it met the Zoning Regulations. Memorandum in Support of Motion, p. 5–6. They inject an extraneous factor, their determination. Their obligation to approve the plan arises if it meets the Zoning Regulations. The commission must apply the law. It is not entitled to make the law by arbitrarily, *i.e.*, without a lawful basis,

denying approval of a site plan. Their discussion of their reasons, Memorandum pp. 6–8, and their articulations in the exhibits to the memorandum reiterate exactly what the Supreme Court ruled was unlawful as discussed above. As an example the chairman described his concern with the size of the project in the plan as it would generate traffic, yet he conceded that the size complied with the zoning specifications. Memorandum, Ex. B p. 95–96, 97.[2] The commission's denial is not shown to have had a lawful basis. It was arbitrary as all the commissioners have stated that it was based on considerations which the law did not permit. A due process deprivation is not automatically found when a court finds a zoning decision was erroneous, only if it was arbitrary or irrational. *Brady v. Town of Colchester*, 863 F.2d at 215.[3] "[I]f defendants had no authority under state law" to act as they did, "then a trier of fact could conclude that there was no 'rational basis' for the [Planning and Zoning Commission's] actions, and that, as a result, the [Planning and Zoning Commission] violated appellant's rights to due process." *Id.* at 216, citing *Shelton v. College Station*, 780 F.2d 475, 484 (5th Cir.) (en banc) (substantive due process claim lies "only if the governmental body could have had no legitimate reason for its decision"), *cert. denied*, 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986). The test is not whether the commission was wrong but whether it acted on "indefensible reasons." *Brady*, 863 F.2d at 216. *See Sullivan v. Salem*, 805 F.2d 81 (2d Cir.1986); *Southern Cooperative Development Fund v. Driggers*, 696 F.2d 1347 (11th Cir.), *cert. denied*, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983); *Elsmere Park Club Ltd. Prtp. v. Town of Elsmere*, 771 F.Supp. 646 (D.Del.1991).

3) Qualified Immunity

■ A finding of arbitrariness not only establishes a due process violation but precludes a defense of qualified immunity. *Bra-*

2. The chairman's suggestion that parking convenience was a factor is contradicted by his testimony that that factor was of no significance to him. Plaintiff's Memorandum, Ex. B, p. 125.

3. The defense of the denial having been on a rational basis, and thus not actionable, invokes a standard applied to legislative actions, not applied where an administrative action is involved. *See Southern Cooperative Development Fund v. Driggers*, 696 F.2d 1347, 1351 (11th Cir.1983).

*dy,* 863 F.2d at 217, citing *Scudder v. Greendale,* 704 F.2d 999, 1002 (7th Cir.1983); *Owen v. Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673, *reh'g denied,* 446 U.S. 993, 100 S.Ct. 2979, 64 L.Ed.2d 850 (1980).

 Here, even colorably, the commission had no basis for the denial. It denied approval on factors already accounted for in permitting the proposed use. In effect it sought to redecide the zone uses and did not want to permit an allowed use because of conceived offsite problems. Not only could it not do that, but its lack of authority, indeed its prohibition from doing just that, had been decided nine years before. *Beit Havurah v. Zoning Board of Appeals, supra.* Defendants' reliance on *Goldberg v. Zoning Commission,* 173 Conn. 23, 376 A.2d 385 (1977) is faulty in ignoring the fact, noted by the trial judge on the appeal, that it preceded the amendment of Conn.Gen.Stat. § 8–3(g) prior to the denial of the application. *See* Pub. Act 78–104. In addition the record did not reflect any basis for offsite traffic concerns. The testimony of the commissioners, Def.'s Memorandum, Exs. B, D, F and H, suggests their subjective concern for traffic with no specific factual substantiation therefor. An example is the chairman's conceded unawareness that the only evidence was that the level of service on the main access highway, with changes which were to be made by the developer, would be improved over the existing level. Plaintiff's Memorandum, Ex. B, p. 100. He had no other factual substantiation. *Id.* at 111–12.

Further its regulations specifically limited consideration of the sections on which it relied for the purpose of ordering modifications, not outright denials of site plan applications.[4] It follows that there was no discernible, lawful authority for denial of plaintiff's site plan application. In doing so, it violated plaintiff's substantive due process rights. Accordingly the Town and the members of the commission are not entitled to summary

judgment as a matter of law and their motion is denied.

### 4) Motion of defendants Gott and Church

As claims against defendants Gott and Church have been dismissed, *see* endorsement ruling dated February 1, 1993 on plaintiff's motion to dismiss (doc. # 162), their motion is denied as moot.

### 5) Tortious interference

 The claim of tortious interference requires proof of 1) a business opportunity, 2) defendants' knowledge of the opportunity, 3) defendants' intentional interference, and 4) plaintiff's loss of the opportunity. *Solomon v. Aberman,* 196 Conn. 359, 364, 493 A.2d 193 (1985). Defendants have denied that they knew of plaintiff's obligations and that their decision was other than a well intentioned attempt to apply the law as they understood it. Put another way, they deny that their decision was motivated to harm plaintiff.

 Plaintiff has thus been put to the test of offering evidence of the second and third elements of the claim. It is entitled to some leeway as motive may be inferred from what a person does and says apart from an explicit statement of motive. There is no explicit articulation of motive which aids plaintiff. Further, however, there is also no circumstantial evidence from which either element could be inferred as to individual commissioners or the commission. The fact that the denial was unlawful might give rise to an inference that the commission could not have actually thought they were acting within their legal authority. In turn that might well give rise to a finding that some other motive prompted the denial. That does not form a basis for a finding of a specific other motive. Harming plaintiff might be a possibility, but that is not enough. An equal possibility might have been protection of the town's established merchants[5] but that would not necessarily have also been reflective of a intent to hurt plaintiff in the process. On the present record a jury could only specu-

---

4. This is based on the language of the Branford regulations and thus is not affected by the holding of *Friedman v. Planning & Zoning Commission,* 222 Conn. 262, 608 A.2d 1178 (1992).

5. *See* Plaintiff's Memorandum, Ex. D, pp. 27–29.

late that the commission intended that its denial impair plaintiff's opportunities and acted with that intent. Thus defendants' motion for summary judgment as to count 4 is granted.

### B. *Plaintiff's Motion for Summary Judgment*

Plaintiff has also moved for summary judgment, as against the town on count one. The issue presented is the converse of that presented in defendants' motion. As discussed above, the denial of plaintiff's site plan application could not be found to have been based on any legal authority for the grounds given as the reasons for the decision. It is not that the decision was wrong; it had no basis in law. It was a decision with no legitimate justification within the bounds of the commission's authority. There was no evidence that the submitted site plan did not meet the requirements of the regulations. The only evidence is that the commission, on the basis of factors they were not lawfully entitled to consider, denied approval of the plan. There was an administrative duty to approve the plan as it complied. The refusal to do so was a denial of substantive due process. In the words of *Brady*, it was a decision with "indefensible reasons." Theirs was not a good faith mistake as to the law, it was a decision without any justification in the law and cannot be an honest mistake, the result of confusion or negligence. The denial was not simply erroneous. It was unlawful in applying reasons which could not lawfully be considered. Contrary to defendants' argument, conformity of the plan to the regulations, which entitled plaintiff to its approval, did not come from the court in the appeal, it came from the simple holding of the plan against the regulations. Based on that comparison, compliance was undeniable. "[I]n reviewing site plans the commission has 'no independent discretion beyond determining whether the plan complies with the applicable regulations ... and is under a mandate to apply the requirements of the regulations as written.'" *Norwich v. Norwalk Wilbert Vault Co.*, 208 Conn. 1, 13, 544 A.2d 152 (1988) (quoting *Allied Plywood, Inc. v. Plan-*

---

*ning & Zoning Commission*, 2 Conn.App. 506, 512, 480 A.2d 584, *cert. denied*, 194 Conn. 808, 483 A.2d 612 (1984); [6] *Carr v. Bridgewater*, 224 Conn. 44, 55, 616 A.2d 257 (1992) (If a site plan "did comply with [the] regulations, the zoning commission had no discretion to deny [the] application and [there was] a constitutional entitlement to the permit because there was a certainty that, absent the alleged denial of due process, the application would have been granted") citing *Red Maple Properties v. Zoning Commission*, 222 Conn. 730, 610 A.2d 1238 (1992); *Sullivan v. Salem*, 805 F.2d at 85. This is not a determination that merely because the commission was wrong, that due process was denied. As it is not disputed that the commission denied the application and did so unlawfully for reasons which are assumed to be true as not contradicted, and as the denial meets the standard by which substantive due process has been denied, plaintiff is entitled to summary judgment as a matter of law against the Town of Branford on the first count.

### CONCLUSION:

For the reasons set forth above, defendants' motion for summary judgment (doc. # 150) is granted as to count 4 but otherwise is denied. Plaintiff's motion for partial summary judgment (doc. # 153) is granted as to count one.

SO ORDERED.

---

**6.** All three decisions are noted to predate the denial herein.