[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Martin Media is a California Limited Partnership duly qualified to do business in the State of Connecticut. The Partnership is involved with outdoor advertising which includes the construction and maintenance of outdoor advertising structures and the sale of space on such structures for advertising purposes. The Partnership leased a certain portion of the property located on Rt. CT Page 11686 9 in Middletown, Connecticut. The purpose of the lease is to construct and maintain an outdoor advertising structure by Martin Media on the property. The subject property is located in a B-2 zone, which zone permits the construction of outdoor advertising structures in accordance with Sec. 48.04.01 of the Zoning Code of the City of Middletown entitled "The Zoning Code". On August 12, 1993 Martin Media made an application to the office of Planning and Zoning of the City of Middletown to obtain a permit for the construction of an outdoor advertising structure on the subject property. The plaintiff's complaint provides that the application provided that the proposed structure would contain two separate outdoor advertising signs, each sign to have one sign face with the size of forty-eight (48) feet in length and fourteen feet in height. On September 8, 1993 the commission denied approval of the site plan provided in the application which site plan approval is required under Sec. 55 of the zoning code.
A copy of the lease between Martin Media and the owner of the subject premises has been offered in evidence. Based upon the evidence presented before the court including the exhibit consisting of the lease, the court draws a logical and reasonable inference that Martin Media is aggrieved by the commission's decision. After the offer of said evidence the attorney representing the defendant Commission represented that aggrievement was not contested and would agree that aggrievement had been established by fair preponderance of the evidence.
Sec. 55.01 of the Zoning Code provides that it would be unlawful to construct or erect any structure unless such proposed development shall have received site plan approval. Accordingly, the applicant filed such a site plan indicating thereon the position, the size, and design of the proposed sign. The court has reviewed the record as returned and filed with this court. Part of that record is a transcript of the regular meeting of the Planning and Zoning Commission of September 8, 1993. William Warner, which the court infers from the record to be the Director of the Planning and Zoning, made a brief statement to the Commission concerning the allowance of the sign in question and his concluding remarks were that he would recommend that the Commission deny the application. Without further discussion or the taking of any further evidence the following action occurred.
(Commission Stephen Shapiro)
"Mr. Chairman, I would like to move the CT Page 11687 recommendation of the Planning and Zoning Director and I would like to move a strict interpretation and denial of this application."
 Unknown Commissioner: Second.
 Chairman W. Lee Osborne Motion is made and seconded. Is there any discussion on that motion? There being none, we will vote. All those in favor say aye.
 Commissioners Aye
 Chairman W. Lee Obsorne [Osborne] All those opposed say nay.
 Commissioners No response
 Chairman W. Lee Osborne Motion carries
Effectively the Commission adopted the brief statement of William Warner, the Director of Planning and Zoning as the reason for the denial. On the evening in question there were two applications with site plans for approval of two separate sign locations by the same applicant. Mr. Warner in his brief statement and recommendation addressed each of those separate applications. The court in this decision is concerned only with the sign or signs proposed to be located on property of Chester A. Zaniewski bounded on the north west by DeJohn Drive and bounded on the west by Route 9. The court on review of the transcript has culled out and separated those remarks of William Warner that are applicable to this subject sign application. The court is satisfied that his remarks were addressed so that the Commission understood that he was referring to Sec. 48.04.01 of the Planning and Zoning Code of the town of Middletown. Sec. 48.04.01 reads as follows:
48.04.01 OUTDOOR ADVERTISING SIGNS
Outdoor Advertising Signs are permitted in B-2, CT Page 11688 General Business Zones, I-I, Service Industrial Zones and I-2, Restricted Industrial Zones on lots having not less than fifty (50) Linear feet of street frontage. Such sings shall not contain over two (2) signs per facing, neither sign exceeding an area of three hundred (300) sq. ft; provided that in lieu of two (2) signs, one sign per facing shall be permitted, in which event no such sign shall exceed an overall length of forty-eight (48) feet nor a vertical dimension of fourteen (14) feet, exclusive of cutouts and/or embellishments.
 No outdoor advertising sign shall be permitted to be erected within fifty (50) feet of an adjoining Residence Zone if designed to face directly into such zone and be visible therefrom.
 No outdoor advertising sign structure to be located within six hundred sixty (660) feet of and to be visible from any interstate highway (including I-91) shall be permitted to be erected within five hundred (500) feet of any other such structure on the same side of the road.
The Director states in his remarks that the code does allow billboards along Route 9 if all the requirements of the Code are complied with. Mr. Warner further represents that he has provided a copy of the site plan to the Commission and then framed the issue for the Commission as to whether the site plan represents two signs or one sign. Thereafter he rendered an opinion that the sign as proposed is two signs "kind of like in a triangle — one facing northbound so you can see it and one facing southbound so that you can see it". He then represented that the billboards had to be 500 feet apart. He identified the aforesaid as the first issue.
The court has examined the site plan as submitted and the sign specifications. The court concurs that there is ample bases to support the representations made to the Commission by Mr. Warner that in fact there are two signs attached to one pole at angles with each other, each sign having a face projecting out at about 30 degrees angles from each other. Each of the two faces measure 14 feet x 48 feet. Mr. Warner further conclude that "the billboards have to be 500 feet apart". The latter conclusion concerning the 500 feet spacing must have been based upon his interpretation of CT Page 11689 the last paragraph of section 48.04.01. That section deals with "interstate highways (including I-91)." There is no evidence for the Commission as part of the record that Route 9 is a interstate highway. Supplemental evidence allowed by the court to be submitted supports other conclusion, that Route #9 is not an interstate highway. Accordingly, the last paragraph of Section 48.04.01 of the zoning code is inapplicable in the present case.
Mr. Warner then makes representations and frames the second issue as the "allowed square footage". Mr. Warner states that Sec. 48.04 of the zoning code sets forth tables. The court has examined the tables referred to by Warner in the code. The tables, set out the number of signs that can be posted and the square footage for the various uses. The Director also references Sec. 48.04.01 as the section that provides for square footage for billboards. For the subject sign proposed in this decision reference is made to the fact that it is a commercial site and the tables would allow for a square footage of the sign of 300 square feet. Reference is further made if it would be considered as a billboard, the sign could be 48 x 14. Mr. Warner recommended and the Commission adopted as part of their proceedings the more stringent interpretation that the sign not exceed 300 sq. feet.
The court need not decide which of the two sections regulating the size of the sign apply. The sign as proposed exceeded 300 sq. feet and is two times the allowable size of a billboard, 14 feet x 48 feet.
Section 48.01.02 of the Code establishes how to compute the area of a sign. An area of a sign is "[t]he entire area within a continuous perimeter, including the extreme limits of actual copy area. It does not include an structural or framing elements lying outside the limits of such a sign and not forming an integral part of the display. Only one side of a double-faced sign shall be used in computing the total area of said double-faced sign." It follows that a double-faced structure has two sides, and only one side is used to compute the area of the sign.
Martin Media represents that their application provides for the construction of a single-pole, V-shaped, double faced, advertising structure. The site plan illustrates that the end-points of the V are separated by 30 feet. The area within the V, the back of the structure, must be considered one face of Martin Media's proposed double-faced sign, and the area outside the V is the second face. CT Page 11690
The measurement of each side of Martin Media's V-shaped advertising structure is two times 48 feet by 14 feet, or 1,344 square feet. The area of Martin Media's proposed outdoor advertising sign exceeds even the maximum allowable limit within Middletown's Code.
In ruling on site plan application, the Commission acts in an administrative capacity. The agency has no independent discretion beyond determining whether the site plan complies with the applicable regulations, Allied Plywood Inc. v. Planning ZoningCommission of South Windsor, 2 Conn. App. 506 at 512. A decision to deny a site plan application must set forth the reasons for the denial. C.G.S.A. Sec. 8-3 (G). When a zoning commission denies site plan approval and gives reasons for its actions, the question on appeal is whether the evidence in the record reasonably supports the agency's actions. Goldberg v. Zoning Commission of the Town ofSimsbury, 173 Conn. 23, 27. The Commission in this case adopted the findings of Mr. Warner. If there was one reason validity set forth in the record upon which the Commission denied the application, the denial will stand. If the court concludes that one of several reasons submitted by the Commission is reasonably supported by the record then the Commission's action must stand.Friedman v. Planning and Zoning Commission, 222 Conn. 262 at 268. The court does so conclude. "In searching the record the trial court may rely upon any reason culled from the record —Stankowitz v. Zoning Board of Appeal, 15 Conn. App. 729 at 732.
The plaintiff in this case in its complaint makes claim that the Commission acted illegally and arbitrarily in abuse of its discretion as an administrative agency for one or more of many reasons as more particularly set forth in the complaint. The court has studied the plaintiff's brief and concludes those claims not briefed had been abandoned.
Accordingly, this appeal is denied.
JOHN WALSH, J.
Judgment entered in accordance with foregoing Memorandum of Decision. Michael Zokoszka, Chief Clerk CT Page 11691