[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The defendant Nancy Bishop is the owner of property located at 64 Trolley Road, Guilford.
The parcel, located in an R-2 (Residential) zone, is situated adjacent to Long Island Sound.
Because of its proximity to Long Island Sound, it is subject to the provisions of the Connecticut Coastal Management Act, § 22a-90 through § 22a-113c of the General Statutes.
Nancy Bishop acquired title to the property from the plaintiff, Louis J. Guerrera, several years ago.
Prior to the conveyance, the parcel was included in a subdivision approved by the defendant Guilford Planning and Zoning Commission in 1991.
In anticipation of demolishing a single family residence on the lot, and rebuilding a new residence, the defendant Nancy Bishop submitted an application for coastal site plan review (ROR 2) in July, 2001.
An application for review was required, pursuant to § 22a-105
(b)[1] of the General Statutes.
The application, submitted on behalf of the defendant Nancy Bishop by architect Robert T. Coolidge, contemplated the removal of an existing non-conforming dwelling, and replacing the structure with a residence conforming to all zoning requirements (ROR 2, p. 2).
The existing septic system, described as "substandard," would also be removed, and replaced with a new septic system. CT Page 544
After the proposal drew opposition from neighboring property owners in the fall of 2001, the application was resubmitted, and a public hearing was held on December 5, 2001 (Supplemental ROR).
Prior to the public hearing, the defendant's husband, Jonathan Bishop, who serves as a member of the Guilford Planning and Zoning Commission, recused himself from the proceedings, and left the room (Supplemental ROR, p. 1).
An alternate was designated to act in his absence.
The applicant's attorney and engineer explained that modifications had been made, in hopes of satisfying concerns expressed by neighboring property owners.
They explained that the septic system, described as a "septic tank", would be eliminated, and replaced with a system conforming to the state health code (ROR 8).
The system was relocated further from the neighboring property than originally contemplated. (Supplemental ROR, p. 14-15).
It was explained that a "view lane" to Long Island Sound, required by § 233-91B of the Guilford Zoning Regulations, was included.
The proposed dwelling conformed with the height limitations applicable in an R-2 zone (Supplemental ROR, p. 20).
The site plan (ROR 9) indicated a lot area of 10,011 square feet, and that the proposed dwelling complied with the coverage and floor area requirements of the Guilford Zoning Regulations.
It was explained that no setback or sideline variance would be required prior to construction (Guilford Zoning Regulations, Table 3).
The plaintiff Louis J. Guerrera, the owner of property known as 54 Trolley Road, and the Grantor when the defendant Nancy Bishop purchased 64 Trolley Road, argued that the defendant's lot does not conform with the zoning regulations, and that a variance was required (Supplemental ROR, p. 32-34).
Attorney Roger Sullivan, began his presentation by advising members of the commission that they should recuse themselves from the proceedings, if they would be "influenced by the fact that Mr. Bishop is a member of CT Page 545 your board."
Attorney Sullivan, appearing at the hearing as an advocate for the plaintiff Louis J. Guerrera, did not elaborate, or provide any information concerning any alleged bias of any member or alternate member of the Guilford Planning and Zoning Commission.
The public hearing resumed on December 19, 2001, (ROR 10).
At the request of the commission, the applicant submitted her proposal on a new form (Supplemental ROR p. 46).
The substitute application, dated December 7, 2001, was filed with the commission (ROR 3).
At the December 19, 2001 continued hearing, the commission received a communication from Margaret Welch, Senior Coastal Planner for the Connecticut Department of Environmental Protection (DEP), who had conducted a review of the revised plans.
The plaintiff filed a notice of intervention pursuant to § 22a-19
of the General Statutes.[2]
The plaintiff's attorney reiterated the argument, made earlier in the public hearing process, that the defendant's parcel was nonconforming, and that the site plan proposal did not comply with the zoning regulations.
Guilford Town Planner George Kral expressed the opinion that issues of zoning compliance were properly addressed to the municipal zoning enforcement officer, and not to the commission during its consideration of a Coastal Area Management (CAM) site plan.
Following the close of the public hearing, the commission voted, 6-0, to approve the application, conditioned upon the septic system being installed in accordance with plans dated December 7, 2001 (ROR 1, Minutes, December 19, 2001, p. 4).
In the minutes of the December 19, 2001 meeting, and in a letter to the defendant Nancy Bishop dated December 21, 2001, the commission found that the application conformed to § 273-91 of the Guilford Zoning Code.
Notice of the decision was published in The Guilford Courier on December 17, 2001.
From that decision, approving the defendant's site plan application, CT Page 546 the plaintiff, Louis J. Guerrera brings this appeal.
AGGRIEVEMENT
The plaintiff is the owner of 51 Trolley Road, Guilford (Exhibit 1).
He has owned the property at all times while this appeal has been pending.
Section 8-8 (1) of the General Statutes defines an "aggrieved person" to mean one "owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the board."
Aggrievement is jurisdictional, and pleading and proof of aggrievement are a necessary prerequisite for maintaining an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307
(1991).
Louis J. Guerrera testified that his property is separated from the land he sold to the defendant Nancy Bishop by Trolley Road, a distance of approximately 50 feet.
It is therefore found that the plaintiff has established that he is statutorily aggrieved by the decision of the Guilford Planning and Zoning Commission, approving the coastal site plan for 64 Trolley Road.
STANDARD OF REVIEW
The Coastal Management Act, §§ 22a-90 through 22a-113c of the General Statutes, envisions a single review process during which proposals for development within the coastal boundary are simultaneously reviewed by the municipal land use agency, to determine compliance with local zoning requirements. and the polices of planned coastal management. Vartuli v. Sotire, 192 Conn. 353, 358 (1984).
Section 22a-109 (a)[3] requires a coastal site plan to be filed with the municipal zoning commission in order to insure conformity with both municipal zoning regulations, and the provisions of the Coastal Management Act.
The statute specially provides that municipal review of a coastal site plan "supersedes" any review required under General Statutes § 8-3 (g).
Therefore, the broader substantive criteria for coastal site plan review required by § 22a-109 (a), takes the place of the narrower CT Page 547 zoning criteria contemplated by § 8-3 (g). This statutory scheme avoids duplicative zoning and coastal management proceedings. Vartuli v.Sotire, supra, 363; Reed v. Planning Zoning Commission,35 Conn. App. 317, 322-23 (1994).
When considering a traditional site plan application, a planning and zoning commission acts in an administrative capacity, rather than in a legislative or quasi-judicial capacity. Goldberg v. Zoning Commission,173 Conn. 23, 29 (1977); Allied Plywood, Inc. v. Planning ZoningCommission, 2 Conn. App. 506, 512 (1984).
Although review of a coastal site plan application requires a measure of flexibility in order to apply the relevant statutory standards and criteria, review of a coastal site plan has nevertheless been classified as administrative. DeBeradinis v. Zoning Commission, 228 Conn. 187, 198
(1994). As such, it is subject to the same standards of review upon appeal, as other administrative actions such as site plans and special permits. Robert A. Fuller, Land Use Law and Practice (second edition), § 6.5 p. 153 (1999).
Conclusions reached by the commission must be upheld, if they are reasonably supported by the record. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. Calandro v. ZoningCommission, 176 Conn. 439, 440 (1979).
Section 22a-106 (d),[4] C.G.S., requires a commission reviewing a coastal site plan application, to state written findings and reasons for its action.
Where a land use agency has stated collective reasons for its action, a reviewing court should not go beyond the official collective statement and attempt to speculate upon other reasons. DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541 (1970); Kaufman v. ZoningCommission, 232 Conn. 112, 143 (1995).
However, faced with a situation in which the land use agency has failed to state reasons in support of its decision, as required by statute, a court should search the entire record to determine whether the agency decision is supported by substantial evidence. Protect Hamden/North Havenfrom Excessive Traffic Pollution, Inc. v. Planning ZoningCommission, 220 Conn. 527, 544 (1991); Grillo v. Zoning Board ofAppeals, 206 Conn. 362, 369 (1988).
The requirement that the court search the record to determine if CT Page 548 substantial evidence exists to support the agency decision, applies to a proceeding involving the Coastal Management Act. DeBeradinis v. ZoningCommission, supra, 198-99, n. 7.
An agency decision must be upheld, if it is supported by substantial evidence. Bradley v. Inland Wetlands Agency, 28 Conn. App. 48, 52
(1992).
The substantial evidence rule has been defined as similar to and analogous to, the standard to be applied in judicial review of a jury verdict. It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict where the conclusion sought to be drawn is one of fact. Sampeiri v. Inland Wetlands Agency, 226 Conn. 579, 588
(1993).
Issues involving the credibility of witnesses, and the determination, of facts, are properly committed to the province of the municipal agency. Laufer v. Conservation Commission, 24 Conn. App. 708, 713
(1991). An agency is not required to believe any witness, even an expert. Manor Development Corporation v. Conservation Commission,180 Conn. 692, 697 (1980).
The possibility of drawing two inconsistent conclusions from the evidence does not prevent a decision from being supported by substantial evidence. Property Group. Inv. v. Planning Zoning Commission,226 Conn. 684, 697-98 (1993).
A commission is endowed with liberal discretion, and its action is subject to review by a court only to determine whether the commission acted unreasonably, arbitrarily, or illegally. Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 442 (1963).
THE COMMISSION DID NOT COMPLY WITH SECTION 22a-106 (d)
Section 22a-106 (d) of the General Statutes requires a planning and zoning commission, acting on a coastal area management application, to state the "findings and reasons for its action. "
In its letter of December 21, 2001 to the defendant Nancy Bishop, and in the minutes of the December 19, 2001 meeting, the commission found that the application conformed with § 23-91 of the Guilford Zoning Code.
The commission made no finding concerning whether the application complied with the Guilford Zoning Regulations, and it is not clear CT Page 549 whether compliance with the zoning regulations was an issue the commission elected to consider, when approving the application.
The plaintiff points to a statement made by Guilford Town Planner George Kral, during the public hearing.
The town planner stated that the commission, when considering a coastal area management site plan, should not be concerned about whether the application complies with municipal zoning regulations. (Supplemental ROR, p. 14-16).
This opinion is contrary to the provisions of § 22a-109a of the General Statutes, and the applicable case law. (See Vartuli v. Sotire, supra, 363; Reed v. Planning Zoning Commission, supra, 322-23).
However, the record fails to reveal any collective decision by the commission, or any opinion supplied by legal counsel, declaring that compliance with applicable municipal zoning regulations was an issue the commission should not consider.
Section 273-91 of the Guilford Zoning Regulations does not contain any specific criteria for evaluating coastal site plan applications.
Instead, it declares that activities within the coastal boundary "shall be subject to the plan review requirements and proceedings in §§ 22a-105
through 22a-109 of the Connecticut General Statutes."
Section 22a-106 (b) of the General Statutes requires a municipal commission to assess the potential adverse impacts of a coastal site plan, and requires the commission to:
 ". . . (1) Consider the characteristics of the site, including the location and condition of any of the coastal resources defined in § 22a-93; (2) consider the potential effects, both beneficial and adverse, of the proposed activity on coastal resources and future water-dependent development opportunities, and (3) follow all applicable goals and policies stated in § 22a-92 and identify conflicts between the proposed activity and any goal or policy."
The mere citation to a section of the municipal zoning code, which incorporates provisions of the General Statutes by reference, is not sufficient to comply with the requirements of § 22a-106 (d).
The defendant Guilford Planning and Zoning Commission made a conclusiary finding, but gave no reasons, and supplied no rationale, in CT Page 550 support of that finding.
Furthermore, the municipal regulation incorporates the provisions of the General Statutes by reference, but contains no specific criteria within its text.
The commission made no reference to any provision of the General Statutes in its finding.
Therefore, because the commission has failed to state reasons and findings for its decision on the site plan application, and has failed to state whether the application complies with the municipal zoning regulations, the court is required to search the record, to determine whether substantial evidence exists, to support the action of the commission.
THE RECORD SUPPORTS A FINDING OF NO ADVERSE IMPACT OF THE PROPOSEDACTIVITY ON COASTAL RESOURCES AND FUTURE WATER-DEPENDENT ACTIVITIES.
An examination of the record reveals a proposal which is consistent with the policies of coastal management, and is environmentally sensitive.
The project contemplates the construction of a single family home with a driveway and septic system, on an approved subdivision lot.
The application contemplates replacing the existing septic system, described as "inadequate" with one conforming with state health code regulations.
The Guilford Director Health reviewed the site plan, and soil tests, before recommending approval of the new system.
The improved system clearly reduces the possibility of contamination of coastal resources, and the Connecticut DEPs senior coastal planner stated "the project does not raise sufficient coastal management concerns."
The commission had before it evidence concerning "view lanes", mandated pursuant to § 273-91D(1)[5] of the Guilford Zoning Regulations, as part of a coastal site plan application.
Two "view lanes" are provided, based upon the site plan submitted.
The proposal involves only minor grade changes, which would not appreciably impact flow of surface water. CT Page 551
The height of the proposed structure complies with the requirements applicable in an R-2 zone.
The commission had before it testimony concerning soil erosion and sedimentation, and other technical information which supports the decision reached.
Ample evidence was presented from which the commission could determine that any potential adverse impacts of the proposed activity are acceptable.
Furthermore, the record also fails to lend any support for the plaintiff's claim, made in his § 22a-19 intervention petition, that the air, water or other natural resources of the state are reasonably likely to incur unreasonable pollution as a result of the proposed activity.
THE RECORD CONTAINS SUBSTANTIAL EVIDENCE THAT THE PROPOSAL COMPLIES WITHLOCAL ZONING REQUIREMENTS
The plaintiff argues that the approved subdivision lot he conveyed to the defendant Nancy Bishop is a nonconforming lot, and that the site plan submitted fails to comply with Guilford's zoning regulations.
The site plan map (ROR 9) contains zoning information, applicable to an R-2 zone.
The plaintiff maintains that the lot area is less than the 10,000 square feet required in an R-2 zone, and that it is therefore nonconforming.
He argues that the lot is subject to vehicular easements totaling 1,888 square feet, thus reducing the lot area to 8,123 square feet, pursuant to § 273-2B[6] of the Guilford Zoning Regulations.
This argument is not persuasive.
The Guilford Zoning Regulations do not require a variance in order for a lot owner to build upon a lot which fails to comply with area requirements.[7]
The application as presented (ROR 9), requires no frontage, sideline or setback variances, and the proposed structure meets the height requirements (35 feet) applicable in an R-2 zone. CT Page 552
No provision of the zoning regulations requires a reduction, for purposes of lot coverage, of vehicular easements or other rights of way.
Without the reduction, lot coverage is less than the 15 percent maximum allowable in an R-2 zone (ROR 9).
Since lot coverage requirements impact the density of any development, including areas covered by rights of way in the "area of the lot" calculation, seems appropriate.
The record contains substantial evidence supporting the conclusion that the site plan application complies with the applicable municipal zoning regulations.
NO BIAS OR PREDISPOSITION OF ANY COMMISSION MEMBER OR ALTERNATE IS FOUNDIN THE RECORD
The plaintiff's final claim is that commission members harbored a bias against him, and had a personal interest in the proceeding.
Claims of bias are also leveled against Town Planner George Kral.
At the December 5, 2001 public hearing, the attorney retained by the plaintiff lectured the volunteer members of the defendant Guilford Planning and Zoning Commission ". . . if your vote would in any way be influenced by the fact that Mr. (Jonathan) Bishop is a member of your board, then you should disqualify yourself from the hearing. . . ." (Supplemental ROR, p. 25).
No evidence was offered concerning any financial dealings of any commission member with the applicant or her husband, or that any member would profit in any way from the decision.
There is no claim that any other commission member or alternate owned land, which might be impacted by the decision rendered on the Bishop application.
There is no claim of any improper ex-parte communication between Jonathan Bishop and any commission member, or the town planner.
The only claim raised at the hearing and repeated in the plaintiff's brief, is that the plaintiff's husband was a member of the Guilford Planning and Zoning Commission, at the time the application was tendered, and decided. CT Page 553
The town planner is not a member of the commission, and it is not suggested that he improperly influenced the decision through any ex-parte communications.
The General Statutes require a municipal land use commissioner to recuse himself or herself from a matter in which he or she is interested in a personal or financial sense.[8]
However, in order to show predisposition, a party must do more than cast indiscriminate aspersions. Actual bias, not simply potential bias, must be shown. OG Industries, Inc. v. Planning ZoningCommission, 232 Conn. 419, 429 (1995).
It must be demonstrated that a commissioner had actually decided an issue prior to a hearing.
There is no evidence even remotely suggesting predisposition or bias on the part of any member of the defendant commission.
The record reveals that Jonathan Bishop advised the board of his conflict prior to the hearing, and left the room.
He acted in an appropriate and ethical fashion.
As a rule, volunteer land use commission members own property in the community in which they reside, and to which they have chosen to volunteer their time and talents as municipal officials.
Municipal government could not function, without the selfless efforts of individuals who choose to serve, as the price of citizenship in a free society, without compensation, and usually without adequate appreciation.
This court is cognizant of the need to insure the integrity of the land use process, and to scrutinize the actions of land use commissioners in situations where public confidence might be compromised, or the public trust abused.
However, no purpose is served by innuendo and insinuations which impugn the integrity of commission members, without a shred of documentation.
Such baseless attacks can only promote a cynicism which has the unintended consequence of discouraging public service, and volunteer participation in municipal government. CT Page 554
CONCLUSION
The appeal of the plaintiff, Louis J. Gerrera, is DISMISSED.
Radcliffe, J.